RUTH ANDERSON *vs.* WILLIAM V. POLLEYS, JR.

MAY 23, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.  This is an appeal from a decree of the
Superior Court denying petitioner's right to relief as against
the Metropolitan Casualty Insurance Company.  The
petitioner is the widow of Gunnar Anderson who died
October 31, 1931, as a result of an accident while employed
by William V. Polleys, Jr., receiver of the William V.
Polleys Co.  Her claim for compensation under the Work-
men's Compensation Act was allowed by the Superior Court
and affirmed on appeal by this court.  (53 R. I. 182.)  The
said receiver insured against liability as an employer with
the respondent insurance company under a policy which by
its terms expired August 20, 1931.  The receiver claiming
that this policy was in force at the time of the accident, the
petitioner was allowed by an order of the Superior Court to
bring the present proceeding to compel payment by the
insurance company of the amount due her by virtue of the
decree of the Superior Court awarding her compensation.

It is contended that the insurance company is liable on
its policy because the same was renewed before August 20,
the date of its expiration.  An insurance broker, Mr. Coe,
was a creditor of the William V. Polleys Co. for premiums
due on insurance policies written by him for said company

and the attorney for the receiver went to Mr. Coe's office for the purpose of securing insurance for the receiver. The attorney was informed that the insurance would be placed through Cyril W. Knibb, general agent of the respondent insurance company in this territory. Sometime thereafter said attorney discussed with Knibb the matter of compensation insurance, and on April 3, 1931, the policy in suit was issued.

It was agreed between Knibb and the attorney for the receiver that while this insurance was written directly by the former it should be considered Coe's business and the premiums should be paid to him. On July 14, 1931, Knibb sent a notice to Coe that the policy of compensation insurance was about to expire and asked if the same was to be renewed. On this notice Coe made the following notation: "Please do not renew this policy" and sent the same back to Knibb and also sent a letter to the receiver informing him that the policy would not be renewed. Shortly thereafter the attorney for the receiver met Knibb casually and discussed with him the matter of the receiver's insurance.

There is a conflict in the testimony as to what was said at this interview. The attorney testified that he told Knibb that Coe misunderstood the situation; that his refusal was probably based on the fear that as he had not been paid by the Polleys Co. he might not be paid by the receiver and that, while the insurance could be procured elsewhere, he did not want Coe to lose the business through a misunderstanding; that Knibb said to leave the matter to him and he would straighten it out and see that the policy was renewed. The attorney further testified that he did not directly order that the policy be renewed. Knibb denied that he said he would see to the renewal of the policy.

Sometime before August 6th the receiver went, at his attorney's direction, to Knibb's office to discuss with him a change in a marine policy and also the renewal of the policy in suit. Knibb was not in his office and the receiver talked with a Miss Barrett, one of Knibb's clerks. What was said during this conversation is in dispute. The receiver

testified that the clerk said she would attend to the matter of the marine insurance as well as the renewal of the policy of compensation insurance. Miss Barrett denied that anything was said about the compensation insurance although she admitted on cross-examination that it was possible that something was said on that subject and that she might have forgotten it. On August 6th Knibb wrote to the receiver about the marine insurance but did not mention the compensation insurance. In the receiver's final account to the court there was no mention made of any amount due the respondent insurance company or its agent for a premium on a policy of compensation insurance.

The trial justice made findings of fact which are set forth in the decree. The first two are as follows: (1) That the insurance policy of the Metropolitan Casualty Insurance Co. of New York covering William V. Polleys, Jr., receiver of William V. Polleys Co., for workmen's compensation insurance terminated on August 20, 1931; (2) that no oral contract of insurance was entered into between William V. Polleys, Jr., receiver of William V. Polleys Co., and the Metropolitan Casualty Insurance Co. of New York covering William V. Polleys, Jr., receiver as aforesaid, for workmen's compensation insurance after August 20, 1931.

The petitioner urges that the decision as to the renewal of the policy in suit is dependent upon a determination of the questions of fact as to what conversation took place between the attorney for the receiver and Knibb and what conversation took place between the receiver and the clerk in Knibb's office.

It is contended that there were no definite findings of fact by the trial justice on these questions. The trial justice, in giving his decision orally after the conclusion of the testimony, said: "I think, the crux of this case is on the question as to whether or not there was an oral contract to renew compensation insurance. I am going to decide it broadly on that question of fact, although I have considerable doubt whether the young lady in Knibb's office had authority to renew and also while I have some doubt,

even if I should find Mr. Polleys used the language he said he did and which he said the young lady used, as to whether or not that would be sufficient on which to found an oral contract. I am not going to decide those two points but on the broader question as to whether any contract came into existence." As to the conversation between the attorney and Knibb, the trial justice takes the interpretation of the attorney himself as to the legal effect of said conversation, which was that he did not take the position that his conversation with Knibb was a formal renewal of the contract. As to the conversation in Knibb's office between the receiver and the clerk, his acceptance of her version of the case is necessarily implied from his decision and discussion of the evidence. Had he found that the receiver's relation of the conversation was the true version, he would have been under the necessity of determining the clerk's authority to contract in behalf of the defendant.

After referring to the documentary evidence, and especially to the letter of August 6 from Knibb to the receiver, he concludes: "After weighing all the testimony and taking into consideration that corroboration of the defendant's position by the letter of August 6, 1931, on the question of fact involved here, the court decides that the petitioner has not made out that there was a contract of renewal of the Workmen's Compensation policy by a preponderance of the testimony." As there was sufficient evidence to support the trial justice in his findings of fact, we find no ground for disturbing the same.

The petitioner now contends (1) that even though there was no formal renewal of the contract of insurance, the defendant is estopped to deny that the policy did not remain in force after August 20, 1931, and (2) that the failure of the insurer to notify the commissioner of labor of the nonrenewal of the policy on August 20, 1931, automatically renewed the same which thereafter could be cancelled only by the method provided in the policy.

We are of the opinion that the facts do not warrant the application of the doctrine of estoppel. If it be assumed

that Knibb told the receiver's attorney that he would see to the renewal of the policy, it was, nevertheless, known to both parties to the interview that Coe would have to be consulted by virtue of the original understanding that this insurance was to be considered as his business.

Viewing the evidence in the light most favorable to the petitioner it is manifest that Knibb's undertaking was to persuade Coe that he ought to consent to the renewal of the policy. "The doctrine of estoppel by representation is ordinarily applicable only to the representation as to facts, either past or present, and not to promises concerning the future which, if binding at all, must be binding as contracts." 21 C. J. 1142. *Union Mutual Ins. Co.* v. *Mowry*, 96 U. S. 544. Moreover, it is fundamental in the doctrine of estoppel that one who invokes it must have relied, and justifiably so, on the conduct or representations of the party sought to be estopped. *Rhode Island Hospital Trust Co.* v. *S H. Greene Corp.*, 50 R. I. 305. 21 C. J. 1129. That the receiver did not rely on the interview between his attorney and Knibb as affecting a renewal of the policy is evident from the fact that he went himself to the latter's office to renew the same.

As to the petitioner's second point, Section 10 of Article V, Chapter 92, G. L. 1923, provides that: "Every insurance company having written a policy insuring against liability for personal injuries to employees shall immediately notify the commissioner of labor of the issuance of such a policy upon forms to be provided by the commissioner of labor. Upon the cancellation of such policy or failure to renew the same every insurance company having written such policy shall immediately notify the said commissioner of such cancellation or failure to renew." It will be observed that the statute imposes no penalty for failure to comply with its terms. The respondent insurance company, through its agent, notified the commissioner on April 6, 1931, that it had issued the policy in question to the receiver and October 21 the commissioner received a notice, dated October 20, that the respondent had cancelled the policy.

The form provided by the commissioner of labor makes no provision for notice of nonrenewal of a policy but simply for cancellation. As the purpose of the notice is to inform the commissioner that there is no insurance covering the risk of the employer named in the notice, it is apparent that he used the word "cancelled" on the form furnished by him as covering cases of nonrenewal as well as cases of cancellation.

It having been determined that there was no renewal of the contract of insurance, the failure to notify the commissioner of labor could not have the effect of renewing a contract which had expired. We are not called upon in the present proceeding to decide the legal question of liability of the respondent insurance company for failure to comply with the terms of the statute as the accident to Gunnar Anderson occurred after receipt of the notice by the commissioner of labor. If the failure of the respondent to notify said commissioner would result in liability for an accident occurring between the date of the expiration of the policy and the date of the receipt of notice by the commissioner, the liability would not be based on the contractual relation existing between the receiver and the respondent but on estoppel or statutory liability.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Comstock & Canning, Edward M. Brennan, Andrew P. Quinn,* for petitioner.

*McGovern & Slattery, Fred B. Perkins, William E. McCabe,* for respondent.