JOHN PAOLA *vs.* JOHN F. KENNEDY *et al.*

NOVEMBER 24, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.    This is a proceeding begun on January 26, 1934, by the filing, with the commissioner of labor, of a petition for compensation, under the workmen's compensation act of this state, for injuries received by the petitioner on August 1, 1933, while in the employment of the first respondent, named in several different ways in the petition. The Liberty Mutual Insurance Company was also joined as respondent, the petitioner claiming that it was liable to him for such compensation, by reason of a certain contract of insurance dated June 28, 1933, by which the insurance company insured his employer against liability under the act, and which he asserts was in force until after August 1, 1933.

After a hearing before the commissioner, including the presentation of evidence, he rendered a decision that the petitioner was entitled, as against the first respondent, to compensation in certain amounts, but denied any relief as against the insurance company, on the ground that its policy was not in force at the time when the petitioner was injured. The petitioner then took an appeal from this decision to the superior court, where, under the pertinent provision of the act, the matter was heard *de novo*.

After the case was heard in the superior court, a decree was entered, sustaining the petition as against the employer but denying it as to the insurance company, on the ground that after July 8, 1933, there was not in force between them any policy or contract of insurance covering liability under the above act.  The case is now before us on the petitioner's appeal from this decree, on the ground that in denying his petition as against the insurance company the decree was contrary to the law and the evidence.

The record before us shows that on June 28, 1933, and thence up to and including the time of the petitioner's injuries, his employer was a subcontractor under the general contractor for the construction of a building in this state. There was credible evidence, which the justice before whom the case was heard in the superior court accepted as correct, that on June 28, 1933, the employer applied to the insurance company for workmen's compensation insurance for the work under the subcontract; that the insurance company only agreed to contract for such insurance for ten days from that date, pending an inspection of the work; that on that date it sent a letter to the employer inclosing a binder for the next ten days and stating that after inspection it would be in a position to notify the employer, before the expiration of the binder, as to whether a full year's coverage could be granted; and that, on July 6 or 7, 1933, having decided not to extend the coverage, it notified the employer's office, by telephone, of that decision.

On July 13 the policy, which was dated June 28, 1933 and expired by its express terms on July 8, 1933, was issued and sent to the employer. According to the testimony of the employer, he put the policy in his files without reading it.

The evidence on which the petitioner mainly relies in support of his appeal is that on June 28, 1933, the insurance company's salesman who dealt with the employer in this matter sent a "certificate of insurance" to the employer and one to the general contractor and one to a man who was apparently the latter's representative in Rhode Island. Each of these certificates stated, in substance, that on June 28, 1933 the employer, for operations under the subcontract, was insured with the insurance company under a policy expiring June 28, 1934, covering obligations imposed upon the employer by the Rhode Island workmen's compensation act. There was testimony for the insurance company, which the justice of the superior court accepted as correct, that the

expiration date of June 28, 1934, was inserted in each of these certificates by error on the part of the person who drew them up.

The petitioner also relies on the fact, shown by the evidence, that the insurance company did not, until September 13, 1933, give the commissioner of labor of this state any notice that the insurance was not extended beyond July 8, 1933. The evidence shows clearly that it gave the commissioner no notice of any kind as to the insurance until September 13, 1933, unless a duplicate of a certain pink slip notice, bearing the signature of the insurer and dated July 13, 1933, which was introduced in evidence, was then sent to the commissioner. An official of the company, who produced it from his correspondence file, testified that he presumed that such a notice was sent, but was not sure. One of the other witnesses, who testified as to the records in the commissioner's office, testified that they showed no notice of any kind from the insurer until the next September.

The slip was a notice from the insurer to the commissioner that it had written a policy insuring the employees of the employer against liability for personal injuries, as provided by the workmen's compensation act of this state, to take effect June 28, 1933. It made no mention of the date of expiration of the policy. The justice of the superior court by whom the case was heard stated in his rescript: "The insurance company did not notify the commissioner of labor of the policy until July 13."

All this leaves it very doubtful whether such notice was given to the commissioner before September. But it is entirely clear that until that month he had no notice of the date of expiration of the insurance; and in view of the uncontradicted evidence that nearly all workmen's compensation insurance policies are issued for a year, the only reasonable inference from all the evidence on the subject is that, if the commissioner received a duplicate of the pink slip, he had no

reason to believe that the insurance coverage would expire in the very near future. In fact, as above stated, it had already expired, on July 8, and was not renewed, facts of which he was not notified until the next September. In our judgment, if the pink slip was not sent to the commissioner, the insurer should not be held to be in any better position than it would be in if it had given notice of the actual coverage in compliance with the statute.

The evidence supports the finding of the justice of the superior court, in his rescript, that there was no actual contract in force between the employer and the insurance company at the time of the petitioner's injury. He also stated in his rescript that he was not persuaded that "Kennedy believed he had a full year's coverage." But what Kennedy believed is immaterial, in view of the conclusion that we have come to as to the law applicable to the facts of this case.

The petitioner contends that the insurance company should be held liable, simply because it failed to give the commissioner of labor prompt notice of the expiration and nonrenewal of the insurance, thus violating the act, (G. L. 1923, chap. 92), which in art V. sec. 10 required immediate notice of the writing of any policy of compensation insurance, and immediate notice of its cancellation or a failure to renew it, to be given by the insurance company to the commissioner, and which in sec. 12 provided that failure to comply with such requirement should be deemed a misdemeanor, punishable by a fine of not more than fifty dollars.

In support of this contention the petitioner cites a number of cases in which policies of insurance covering liability under workmen's compensation acts had been cancelled before workmen had suffered injuries that would have been covered by the policies if they had not been cancelled, and the insurance company in each case had failed to give notice of the cancellation to the commissioner of labor or other similar official, as required by law. The petitioner says in

his brief: "The authorities cited by petitioner are unanimous to the effect that, unless notice of cancellation is given in accordance with the statutes of the particular jurisdiction, such cancellation is of no effect and the insurer is liable for injuries received by the employee."

But in each of these cases the statute contained an express provision to the effect that the cancellation of such a policy should not be effective until ten days after the required notice of cancellation had been filed with the proper official, and no such notice had been thus filed ten days or more before the employee's injuries had been received.

In *Anderson* v. *Polleys*, 54 R. I. 296, 173 A. 114, a workmen's compensation case, this court, at page 302 (116), says: "If the failure of the respondent to notify said commissioner would result in liability for an accident occurring between the date of the expiration of the policy and the date of the receipt of notice by the commissioner, the liability would not be based on the contractual relation existing between the receiver and the respondent but on estoppel or statutory liability."

The statute which applies to the instant case contains no such provision as that upon which the decision in each of the above-cited cases in other states was based. Therefore we do not believe that a decision against the respondent insurance company can properly be based on the same reasoning as that which properly led to the decisions in those cases.

Presumably those provisions in the Rhode Island statute which require certain notices to be given by workmen's compensation insurers to the commissioner of labor were enacted for the protection of workmen. But, by reason of facts to be stated *infra* under the head of estoppel, we are not required to decide whether or not, in the absence of proof of detriment to a petitioner by reason of noncompliance by the insurer with such provisions, a statutory liability should be imposed on the insurer solely by reason of such noncompli-

ance. We therefore proceed to consider the matter of the proof of facts tending to support an estoppel.

The insurer's official above mentioned testified, without any contradiction, as follows: "The contract is, in order to get the job you have to furnish certificates of insurance to the general contractor. In this particular case we got a telephone request .that this man (referring to the respondent Kennedy, a subcontractor) wanted this insurance in a hurry to get the job." A little further along he testified that "in practically every case subcontractors are unable to get a job without presenting insurance certificates."

The witness evidently knew why the certificate was wanted. He testified that such certificates were given by the company for accommodation, but the company evidently had notice that the certificates in this case would be relied on by the general contractor and that it was very important to all concerned that they be accurate.

The workmen's compensation act, in art. V., sec. 1 requires that every employer who has elected to become subject to the provisions of the act, as Kennedy had, shall secure, in one of certain ways, the payment of the compensation for which he may become liable under the act. One of these ways is by procuring insurance coverage. He testified that he had been working, under the contract involved in this case, for twenty to twenty-five days, probably, before deciding to get compensation insurance. Apparently he had not secured in any way the payment of such compensation. Evidently, when he did decide to get insurance coverage, he wanted it in a hurry; and he testified that when he received the above-mentioned certificate from the insurer, which must have been in a day or two after June 28, 1933, he took it and delivered it to James Coe, of the company which was the general contractor, a man whom another witness described as one of the "top men" of the company.

That certificate stated that the insurance coverage by the respondent insurance company was from June 28, 1933, to June 28, 1934. The evidence showed that the petitioner on July 5, 1933, entered the employment of Kennedy in the work covered by the subcontract, and that the injuries for which he seeks compensation were received on the first day of the next month.

From these facts and the facts above set forth as to notice from the insurer to the commissioner of labor, the natural and most reasonable inference is that if the insurer had complied with the provisions of the law as to the giving of such notice and had sent out to the general contractor and Kennedy correct certificates, the latter, having elected to be subject to the act, would, before August 1, 1933, either have procured other compensation insurance or have been required to stop work; and thus the petitioner would either have been protected by insurance, under the former alternative, or would not have been working for Kennedy, under the latter alternative.

In our opinion, the insurance company by reason of this inference was estopped by its own conduct to maintain the defense that its insurance coverage expired on July 8, 1933, and was not renewed; and the same decision must be reached in the case as if a contract of workmen's compensation insurance between the two respondents was in full force and effect at the time when the petitioner received his injuries.

The petitioner's appeal is sustained and the decree appealed from is reversed. The parties may on December 3, 1937, present for our approval a form of decree in accordance with this opinion, for entry in the superior court.

*Michael Addeo, Ralph Rotondo,* for petitioner.

*Frederick W. O'Connell, Swan, Keeney & Smith,* for respondent.