ROBERTSON, Justice, for the Court:
This is a workmen’s compensation case. The Circuit Court of the First Judicial District of Hinds County affirmed the order of the Mississippi Workmen’s Compensation Commission finding that Hartford Accident and Indemnity Company was the insurance carrier of Metal Specialties, employer, in Mississippi, and that Hartford was liable to Ata Dalati, employee, for compensation and *733 medical, surgical and hospital services and supplies under the Mississippi Workmen’s Compensation law. Hartford appeals.
Bobby Garrett, a partner in Metal Specialties and a resident of Monroe, Louisiana, testified that Ata Dalati was employed by Metal Specialties in Jackson, Mississippi, to lay sheet metal decking on a building in Jackson, Mississippi, and that, on August 2, 1973, he was injured on the job when he inadvertently stepped off of the roof of the building and fell 25 feet to a concrete floor.
Garrett further testified that Metal Specialties was required to take out and pay for workmen’s compensation insurance as a condition of employment under a written subcontract agreement dated July 9, 1973, between Metal Specialties and Pearl Steel Erection Company. In complying with that condition, Garrett testified that he contacted his friend of long standing, Murray Martin, who had an insurance agency in Winns-boro, Louisiana. Martin wrote insurance for several companies, including Hartford Accident and Indemnity Company. The testimony was undisputed that Martin told Garrett on July 16, 1973, that Metal Specialties was covered by workmen’s compensation insurance for the job in Jackson, Mississippi.
About five weeks after the accident, on September 9, 1973, Garrett finally received his policy of insurance from Hartford. In the policy, the policy period was stated “From 7/16/73 to 7/16/74”. All the terms of the policy were correct, except this recitation:
“3. Coverage A of this policy applies to the workmen’s compensation law and any occupational disease law of each of the following states: LOUISIANA”
Metal Specialties had no work in Louisiana in 1973, and the workmen’s compensation insurance was taken out specifically for the Mississippi job.
In its motion to dismiss filed with the Mississippi Workmen’s Compensation Commission on February 8, 1974, Hartford asserted that the Mississippi Workmen’s Compensation Commission had no jurisdiction over it because the policy issued effective July 16, 1973, to Metal Specialties, provided coverage for Louisiana only. Hartford further contended that it was not until October 16, 1973, that Mississippi was covered when an all-states endorsement was added to the policy.
On November 13, 1973, Hartford filed with the Mississippi Workmen’s Compensation Commission Form A-24, which recited:

Jerry Lee Tellis was called as a witness by Hartford on its motion to dismiss. He testified that he was Hartford’s casualty underwriting manager in its New Orleans office; that Murray Martin of Winnsboro, Louisiana, was an agent for Hartford; that Martin had authority to bind Hartford verbally and that any contract of insurance that Martin made, even though verbal, would be underwritten by Hartford. Tellis was asked this question:
“Q. All right. So, if he told the insured, Mr. Garrett, that he was bound— *734 that he was covered under workmen’s compensation in the State of Mississippi, then he would be covered, wouldn’t he?”
which he answered in his way:
“A. If he told him that he would be covered, yes, sir.”
The evidence is undisputed that Garrett contacted Martin about the Mississippi job only, and asked him to provide workmen’s compensation insurance for the job in Jackson, Mississippi. The evidence is undisputed that Martin told Garrett on July 16, 1973, that he was covered. The evidence is undisputed that Hartford, through its agent Martin, received payments on the premium and retained them.
When the Mississippi Workmen’s Compensation Commission found that Hartford was the insurance carrier for Metal Specialties for work in Mississippi on July 16,1973, and was, therefore, liable to Ata Dalati under Mississippi Workmen’s Compensation law, it was merely enforcing the terms of a verbal contract entered into by Metal Specialties and Hartford, acting through its agent, Murray Martin. The Commission was not reforming the contract because of mutual mistake, as Hartford contends on this appeal.
The judgment of the circuit court, affirming the order of the Commission, is affirmed by this Court.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ„ and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.