DOMINGOS SAMAGAIO vs. HERBERT W. DAVIDSON, JR.
(and a companion case[1]).

Bristol and Suffolk.    November 20, 1978. — January 3, 1979.

Present: HALE, C.J., ROSE, & GRANT, JJ.

*Law or Fact. Notice. Insurance,* Cancellation.

Failure of an insurance company to send a notice of the cancellation
of a policy of workmen's compensation insurance to the Division of
Industrial Accidents does not vitiate an otherwise effective cancel-
lation. [777–778]

The misdescription of an insurance policy number by one digit of a
nine digit figure in a notice of cancellation of the policy did not
invalidate the cancellation. [778]

There was no merit to an insured's contention that cancellation of an
insurance policy was invalidated by the insurer's failure to return
unearned premiums as required by the policy where it appeared
that the insurer held no unearned premiums as of the date of
cancellation. [779]

Neither a declarations change endorsement sent to an insured after
his policy of workmen's compensation insurance had been can-
celled nor a subsequent cancellation notice for failure to pay premi-
ums on the cancelled policy constituted an offer to reinstate the
insurance policy. [779–780]

TORT. Writ in the Superior Court dated August 6, 1971.
BILL IN EQUITY filed in the Superior Court on April 5,
1974.

The cases were tried before *Morse, J.*

*Grover H. Nix, III,* for Herbert W. Davidson, Jr.
*Holland W. Hazen* for Sentry Insurance Company.
*Michael E. Mone* for Domingos Samagaio.

---

[1] Herbert W. Davidson, Jr. *vs.* Sentry Insurance Company & anoth-
er.

HALE, C.J. Involved in this appeal are two cases which were consolidated for trial in Suffolk County and, by order of a single justice of this court, consolidated here for the purposes of briefing and argument. The first of the two cases is a tort action brought in the Superior Court in Bristol County by Domingos Samagaio (Samagaio) against his employer, Herbert W. Davidson, Jr. (Davidson), for personal injuries sustained in the course of his employment for which he alleges Davidson is liable as an uninsured employer required by G. L. c. 152 to carry workmen's compensation insurance. The second case is an action brought by Davidson seeking a declaratory judgment against Sentry Insurance Company (Sentry) that a certain policy of workmen's compensation insurance issued by Sentry to Davidson was in effect on October 24, 1969, the day on which Samagaio was injured. Samagaio was named as a party defendant in that action.

We summarize the somewhat unusual procedural history of these cases, which were tried together before a jury in the Superior Court in Suffolk County.[2] Davidson proceeded to introduce before the jury certain documents dealing with the cancellation of the workmen's compensation policy, the admissibility of which had been agreed upon at a pretrial conference (Mass.R.Civ.P. 16, 365 Mass. 762 [1974]),[3] and then rested.[4] Sentry then called a

---

[2] Davidson's attorney had informed the judge with regard to the declaratory judgment case that in addition to documentary evidence (the interpretation of which would be a matter of law for the court), there would be certain matters of fact concerning the effect of those documents which he requested be determined by a jury. He requested that "the court make a determination at the end of the evidence as to whether a directed verdict should issue in favor of the plaintiff Davidson based upon the documents." The judge as a matter of discretion allowed the request for a jury trial.

[3] We have examined each item of documentary evidence introduced at trial and have particularly concerned ourselves with the following: a letter, and a notice of cancellation dated October 1, 1969 (October notice), to take effect on October 15, 1969, both of which contained an incorrect policy number designation; a notice of cancellation dated December 4, 1969 (December notice), to take effect on December 14,

number of witnesses, including Davidson, before resting on the issue of insurance coverage. The judge ruled as a matter of law that the policy of workmen's compensation insurance had been cancelled on October 15, 1969, and had not been reinstated. He denied Davidson's motion for a directed verdict in the declaratory judgment action and allowed Sentry's and Samagaio's like motions. Once the jury returned verdicts for Sentry and Samagaio as directed, they heard the tort case on the sole question of Samagaio's damages, at the conclusion of which they returned a verdict for Samagaio in the amount of $65,000.[5] Davidson has appealed from the ensuing judgments.

It does not appear to be disputed that Sentry had renewed Davidson's workmen's compensation policy numbered 20-44177-03 for the year commencing September 29, 1969, and ending September 29, 1970. The documentary evidence reveals that on October 1, 1969, Sentry sent Davidson a notice of cancellation to take effect on October 15, 1969. The policy number on that notice was 20-44777-03. Accompanying the notice was a letter, the stated subject of which was "Workmen's Compensation 20-44777-03." The letter set out that, as had been previously explained to Davidson by Sentry's representative, the company could not continue the insurance because of

---

1969, with a correct policy number designation, and with an accompanying letter from Sentry offering to "rescind the cancellation notice"; and the declarations change endorsement prepared by Sentry on November 29, 1969.

[4] In his opening to the jury, Davidson's attorney stated (as the judge had done shortly before the opening) that the first issue to be tried was whether Davidson was insured (under the Workmen's Compensation Act) by Sentry. The attorney also informed the jury, ". . . our case will consist of showing you the documents, and then we will rest and allow the court to decide whether or not on the face of the documents, the written offer of acceptance, the written contract, there was insurance."

[5] The damages were later reduced by stipulation to $56,500. There is no question as to the propriety of this judgment if Davidson was not insured under the Workmen's Compensation Act.

Davidson's "loss experience record." At that time David-son had no other policy of workmen's compensation in-surance.

On November 29, 1969, Sentry sent Davidson a declara-tions change endorsement for policy number 20-44177-03 "in consideration of a change in premium to be deter-mined upon audit."

On December 4, 1969, Sentry sent Davidson a "Notice of Insurance Cancelation," to take effect December 14, 1969, designating workmen's compensation policy num-ber 20-44177-03. It appears that this cancellation was prompted by unpaid premiums, as it was accompanied by a form letter which stated among other things, "We'll be pleased to rescind the cancelation notice if we receive the amount shown below [$1,571.73] at least two days before the cancellation date." There was testimonial evidence that after consulting his lawyer Davidson went to Sen-try's Boston office and talked with one Lupo, the person in Sentry's credit department who had signed the Decem-ber cancellation notice. Davidson tendered a check to Lupo in the amount of $1,571.73, which Lupo refused, informing Davidson that the notice had been sent out in error, as the policy had been cancelled as of October 15, 1969. On December 10, after again consulting his lawyer, Davidson sent a letter to Sentry enclosing a check for $1,571.73, which he stated was "to keep the account cur-rent and the policy in good standing." Sentry then ap-plied the proceeds of this check to the amounts owed by Davidson for earned premiums on the cancelled policy and in January of 1970 sent Davidson a check in the amount of $1,033.89.

The basic issue for determination in the declaratory judgment action was whether the workmen's compensa-tion insurance policy was in effect on October 24, 1969. The meaning and effect of the various documents in evi-dence were matters of law for the court to decide. See *Altinovitch's Case*, 237 Mass. 130, 134 (1921); *Wright* v. *Commonwealth*, 351 Mass. 666, 672 (1967); *Doral Country*

*Club, Inc.* v. *O'Connor*, 355 Mass. 27, 31 (1968). The judge in acting on the several motions for a directed verdict clearly did so on the basis of the legal effect of the two notices of cancellation. It is equally clear that he did not rely on any of the testimony received in the course of the trial. He was correct in disregarding the testimony. Our reading of it reveals nothing which in any way affected the force of any of the documents, which on their faces were not ambiguous and thus required no testimonial assistance to interpret them. Contrast *Doherty* v. *Phoenix Ins. Co.*, 224 Mass. 310, 314 (1916).

Except for a section of his brief in which he sets forth in the abstract unquestionably correct "standards" for direction of a verdict, Davidson does not indicate any disputed question of fact that the jury should have decided. To the contrary, his motion for a directed verdict, as written, called upon the judge to rule as a matter of law that the policy in question was in effect on October 24, 1969. Having examined the documents, we are of the opinion that the judge's rulings were correct.

We consider first the only questioned ruling on evidence that has been briefed. Davidson offered certain evidence to show that Sentry had not sent a notice of the cancellation to the Division of Industrial Accidents as required by the Division's "Circular Letter No. 67 — To All Insurers," dated January 26, 1951, and revised on June 23, 1955. Davidson argued to the judge that because of a "violation" of that requirement the policy had not been effectively cancelled. The judge did not agree that a failure to notify the Division would have that effect and he excluded the evidence. The circular letter was marked for identification, and we have read it. The letter does not speak to the effect urged by Davidson. Rather, its concluding paragraph threatens "appropriate action" for "constantly or frequently failing to comply." Davidson does not call our attention to any statute or decision which indicates that an otherwise effective cancellation would be vitiated by failure to report to the Division, nor

have we found any. See Locke, Workmen's Compensation § 129 (1968). Contrast G. L. c. 152, § 65(*b*); *Paola* v. *Kennedy*, 59 R.I. 270, 274-277 (1937).

Davidson next argues that the "error" on the face of the October notice invalidated it. The "error" was the misdescription of the policy number by a single digit of a nine digit figure identifying the only policy of workmen's compensation insurance held by Davidson. We regard the cases cited by Davidson concerning automobile and fire insurance policies (*Gulesian* v. *Senibaldi*, 289 Mass. 384 [1935]; *White* v. *Edwards*, 352 Mass. 655 [1967]; *Fields* v. *Parsons*, 353 Mass. 706 [1968]) as inapposite on this issue and in any event unpersuasive. There was no question that Davidson knew which policy was the subject of the cancellation notice, and in the circumstances the error was of no consequence. Contrast *Scott* v. *Hoage*, 73 F.2d 114, 117 (D.C. Cir. 1934); *Safeco Ins. Co. of America* v. *Franklin*, 185 F. Supp. 499 (N.D. Cal. 1960). The letter accompanying the notice advised Davidson that he had been recently informed by Sentry's representative that due to Davidson's loss experience record Sentry was unable to continue its workmen's compensation protection. The letter went on to advise Davidson that should he obtain other coverage prior to the cancellation date, Sentry would "adjust [its] cancellation date to avoid duplicate coverage charges." It also informed Davidson that he would hear shortly from Sentry's accounting department concerning any refund or premium due. There was nothing in the letter or notice which could have left Davidson with any impression that this was not a definite or final action.[6]

---

[6] While it plays no part in our decision, we note that shortly after the notice was received, Davidson secured replacement coverage from Liberty Mutual Insurance Company under an assigned risk arrangement. He had been advised of this by notice dated October 14, 1969, and further advised that the policy with Liberty would be in effect as of the date it received Davidson's payment of $3,400. He did not send a check to Liberty until the day of Samagaio's accident.

Also without merit is Davidson's contention that the cancellation was voided by Sentry's failure to return unearned premiums, as required by a provision of the policy. We need not consider the legal effect of a failure to comply with that provision because the documentary evidence clearly shows that Sentry held no unearned premiums on October 15, 1969. See *Altinovitch's Case,* 237 Mass. at 131. Contrast *Strong* v. *Merchants Mut. Ins. Co.,* 2 Mass. App. Ct. 142, 148 (1974). To the contrary, Davidson was then in arrears on the premiums due.

Davidson argues in the alternative that, even if the policy was cancelled by the October notice, Sentry later made an offer to reinstate the insurance and that such offer was accepted by Davidson. He contends, citing basic contract principles of offer and acceptance, that the declarations change endorsement and the December cancellation notice with its accompanying form letter[7] constituted an offer which he accepted by payment of the amount of $1,571.73 and smaller payments on account in November and December, 1969. Our examination of the documents leads us to a different conclusion. Compare *Metropolitan Life Ins. Co.* v. *Blum,* 7 App. Div. 2d 488, 491 (1959), aff'd, 9 N.Y.2d 954 (1961); *Reserve Life Ins. Co.* v. *Howell,* 225 Or. 71, 83 (1960), reversed on other grounds, sub nom. *Bunn* v. *Monarch Life Ins. Co.,* 257 Ore. 409 (1970).

It is clear from the face of the declarations change endorsement that it did not extend an offer to contract for the renewal period but was merely a bookkeeping measure reflecting "A Change In Premium To Be Determined Upon Audit." Such change affected the premium only for the period during which the policy was in effect. It is also clear that the only offer made on December 4, 1969, in the

---

[7] The letter stated: "We'll be pleased to rescind the cancelation notice if we receive the amount shown below [$1,571.73] at least two days before the cancelation date. To avoid canceling this valuable protection won't you please take care of this matter now? Thank you."

form letter accompanying the December cancellation notice was an offer to rescind the cancellation if the amount indicated should be paid within the stated time. It is clear that the cancellation notice referred to in the letter was the December notice which accompanied the letter and not the October notice sent two months earlier. Since insurance coverage had already been effectively cancelled on October 15, 1969, the December cancellation notice was without effect and its "rescission" would be of no legal effect. At the time he personally went to Sentry's Boston office, Davidson was told that the notice had been sent by mistake and that his insurance had been cancelled in October. His proffered payment was refused at that time. Sentry's handling of the check Davidson eventually sent on December 10, 1969, did not reinstate the policy. Compare *Gechijian* v. *Richmond Ins. Co.*, 298 Mass. 487, 491 (1937). Contrast *Paloeian* v. *Day*, 299 Mass. 586, 590 (1938).

The declaratory judgment action (Suffolk No. 684095) should not have been dismissed. The judgments in that action are reversed, and a new judgment is to be entered declaring that the policy of workmen's compensation insurance issued by Sentry to Davidson was cancelled as of October 15, 1969, and was not reinstated. Since it is our opinion that the issue of insurance coverage was correctly resolved by the trial judge as a matter of law in the declaratory judgment action, no question remains to be decided with regard to the judgment entered in the tort action (see note 5, *supra*). The judgment in that action (Bristol No. 31200) is affirmed.

*So ordered.*