Cratsley, J.
This case was before the court on December 27, 1996 for hearing on the above-captioned motions. The case involves a claim for a declaration of the parties’ rights and obligations under a contract for workers compensation insurance.
For the reasons which follow, the defendant’s motion for summary judgment is DENIED, and the plaintiffs motion for summary judgment is ALLOWED.
BACKGROUND
The following facts are taken from the parties’ Joint Statement of Undisputed Facts:
The defendant, Cigna, first issued a workers compensation policy to the plaintiff, Hartford, effective July 2, 1991. The policy has been renewed each year since 1991. On May 11, 1995, Cigna mailed Hartford a “Notice of Renewal” indicating that Hartford’s renewal due date was July 2, 1995. Hartford did not send a check for payment for renewal until July 11, 1995, and Cigna received the check the next day. On July 10, 1995, a Hartford employee was injured when he fell from a roof at a job site in Medford, Massachusetts. Hartford filed a claim under its Cigna policy, and Cigna denied coverage, claiming that the policy was not in force on July 10 because Hartford had not yet renewed the policy.
*380 Hartford argues for summary judgment on two grounds: 1) Cigna failed to comply with G.L.c. 152, §63, which requires that insurance companies notify the Workers Compensation Rating and Inspection Bureau of Massachusetts (“the Bureau”) at least ten days in advance of cancelling or otherwise terminating a workers compensation policy; and 2) Cigna failed to effectively cancel Hartford’s policy by not complying with the requirements of G.L.c. 175, §187C, which states that when notice of cancellation is mailed to an insured, the cancellation shall not be effective unless the insurance company obtains a certificate of mailing receipt from the post office.
Cigna argues for summary judgment on the grounds that the statutes relied upon by Hartford are inapplicable, in that they only require the insurance company to follow the prescribed steps when cancel-ling a policy, whereas in this case the policy was not cancelled by Cigna, but merely expired.
DISCUSSION
A. Notice Under c. 152, §63
General Laws c. 152, §63 states in relevant part: “[Workers Compensation] insurance shall not be can-celled or shall not be otherwise terminated until ten days after written notice of such cancellation or termination is given to the [Workers Compensation Rating and Inspection Bureau of Massachusetts]."
In Frost v. David C. Wells Ins. Agency, Inc., 14 Mass.App.Ct. 305 (1982), the court made clear that workers compensation coverage continues despite expiration of the policy where notice has not been sent to the Bureau. See id. at 308-09. Requiring advance notice to the Bureau before discontinuing coverage, when the reason for discontinuation is the insured’s failure to pay a renewal premium, may lead to an unfair result; i.e., the insurer effectively may be obligated to provide coverage for which it has not been paid, as in many, if not most, cases the insurer will not think to send such notice of termination to the Bureau until the policy’s expiration date has arrived. However, in this Court’s opinion, such a result is required under c. 152, §63, given the purpose of that statute to enable the Bureau to monitor companies’ compliance with laws requiring that they carry workers compensation insurance. See Frost, 14 Mass.App.Ct. 305, 308 (1982).
The only document possibly sent by Cigna to the Bureau that may constitute the notice required under c. 152, §63 was the May 11, 1995 notice of renewal. In Frost, the court stated that notice of issuance of a policy for a period of nine months was insufficient under the statute, even though such notice would presumably indicate to the Bureau when the policy would cease to be effective. See Frost, 14 Mass.App.Ct. at 307. The notice of renewal in the present case, assuming it was sent to the Bureau,[1] did no more than the notice of issuance in Frost; it notified the Bureau of the date a policy was scheduled to expire. It did not, however, tell the Bureau that the employer would not be covered. Thus, it did not serve the purpose of c. 152, §63, which is to allert the Bureau when an employer will not be in compliance with workers compensation laws. See Frost, 14 Mass.App.Ct. at 308.
This Court is aware that its ruling will effectively require workers compensation insurers to provide unpaid-for coverage for at least ten days following a policy’s expiration date, which would otherwise be the earliest date it could know that coverage was being discontinued due to the insured’s nonpayment of a renewal premium. However, to rule otherwise would prevent the Bureau from knowing for certain whether an employer is insured beyond the expiration date of the policy, thus defeating the purpose behind c. 152, §63.[2] This Court is of the view that there will, in fact, be almost no cases in which non-renewal leads to no payment of the premium following an accident. Even in this case, the premium eventually was paid for the coverage Hartford seeks.
B. Notice Under c. 175, §187C
Given this Court’s ruling that Cigna failed to comply with G.L.c. 152, §63, with the result that it must provide coverage for the July 10, 1995 accident, the court need not address the issue of whether Cigna complied with c. 175, §187C.
ORDER
This Court therefore ORDERS that the defendant’s motion for summary judgment is DENIED, and the plaintiffs motion for summary judgment is ALLOWED.

 whether the notice of renewal was actually sent to the Bureau is in dispute.

 The present case illustrates perfectly the possible unfairness that can result from the operation of §63: Whenever a workers compensation policy expires due to the insured’s failure to remit a renewal premium, the insurer will nonetheless have to provide coverage for any accident taking place during the ten-day period following the expiration date — assuming the insurer sends notice to the Bureau of the policy’s expiration immediately. It is for the legislature to mitigate this result, perhaps by amending §63 to allow renewal notices to serve as notice, but requiring insurers to contact the Bureau by the policy’s expiration date if the insured has since the time of the renewal notice remitted a renewal premium.