Barrett, J.
Before the court is a dispute between two insurance companies over which is liable for an underlying workers’ compensation claim. The St. Paul Companies (“St. Paul”) has brought this action against the TIG Premier Insurance Co. (“TIG”). The complaint alleges (Count I) a cause of action for declaratory judgment pursuant to M.G.L.c. 231 A; (Count II) that TIG has breached a duty to indemnify St. Paul for the underlying workers’ compensation claim; and (Count III) a violation of c. 93A predicated on the alleged wrongful denial of coverage. This matter is before the court now on the parties’ cross motions for summary judgment pursuant to Mass.R.Civ.P. 56(c). For the following reasons, the plaintiff s motion for summary judgment is DENIED, and the defendant’s motion for summary judgment is ALLOWED.
FACTUAL BACKGROUND
The following material facts are undisputed for the purposes of these motions:
On August 8, 1995, Edward Kelly (“Kelly”), an employee of Adgreene Co., Inc (“Adgreene”), allegedly suffered a back injury while working on the construction site of the Old Colony Housing Project in South Boston, Massachusetts. Adgreene was the subcontractor of the Paul J. Rogan Co. (“Rogan”), the general contractor for the Old Colony site.
*43 At the time of the alleged injury, the St. Paul Companies (“St. Paul”) was the workers’ compensation insurance provider for Rogan. Adgreene was similarly insured by TIG Premier Insurance Co. (“TIG”), pursuant to a policy with an effective term between June 22, 1995 and June 22, 1996. Adgreene failed to pay any premiums on its policy with TIG, and consequently TIG sent a notice of cancellation of that policy to Adgreene on July 26, 1995.
Kelly filed a claim with the Department of Industrial Accidents (“DIA”) in October 1995, seeking workers’ compensation benefits for his alleged injuries. On January 23, 1996, the DIA ordered St. Paul to pay Kelly’s workers’ compensation claim. On January 25, 1996, St. Paul filed a motion to add TIG as a party to the dispute alleging that TIG was an insurer of Adgreene at the time of the alleged injury.[1] That motion was allowed by the Administrative Law Judge. TIG then filed a motion to dismiss, asserting that the injury occurred after TIG had effectively canceled the Adgreene policy.[2] The motion to dismiss was granted. St. Paul never appealed that dismissal to the Industrial Accident Review Board.
In May 1998, St. Paul filed this lawsuit. On July 23, 1998, St. Paul entered into a lump sum settlement agreement with Kelly, which was approved by the Administrative Law Judge the same day.
DISCUSSION
Summary judgment is appropriate when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56; Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991), citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-moving party cannot merely rest on its pleadings in order to establish a disputed issue of material fact; it is necessary to respond with specific admissible evidence to establish a triable issue of fact. Mass.R.Civ.P. 56(e); Pederson v. Time Inc., 404 Mass. 14, 17 (1989).
TIG’s primary argument in support of its motion for summary judgment is that'St. Paul failed to exhaust its available administrative remedies before bringing suit in this court. Specifically, TIG argues that St. Paul was required to appeal the order dismissing TIG from the underlying workers’ compensation case at the DIA prior to filing its complaint seeking indemnification in Superior Court. TIG further argues that even if St. Paul was not required to exhaust its administrative remedies, their claim is barred by virtue of the lump-sum settlement that was entered into between St. Paul and Kelly. St. Paul, in support of its cross motion and. opposition, argues that TIG is barred from raising the exhaustion argument because it did not include the argument in their answer. Specifically, St, Paul asserts that TIG did not plead the failure of a condition precedent with specificity. Mass.R.Civ.P. 9(c). Alternatively, St. Paul argues that it was not required to exhaust its administrative remedies.
The court rules that TIG may properly raise the argument that St. Paul has not exhausted its administrative remedies. The court also rules that St. Paul was required to exhaust its available administrative remedies before the DIA, and consequently TIG’s motion for summary judgment must be allowed.
I. The Exhaustion of Administrative Remedies Argument is Properly Raised:
Mass.R.Civ.P. 9(c) provides:
In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.
Mass.R.Civ.P. 9(c). St. Paul asserts that the argument that it failed to exhaust administrative remedies constitutes a denial of the performance of a condition precedent, and that TIG has failed to allege such in its answer specifically and with particularity.[3] St. Paul concludes that TIG cannot now raise the exhaustion argument. The court rejects this conclusion.
Assuming, arguendo, that the exhaustion of administrative remedies is the type of condition precedent contemplated by Mass.R.Civ.P. 9(c) that may be averred generally in a complaint, there is no requirement to allege the non-occurrence of a condition in an answer where there is no general averment in the complaint that a condition has been performed. Vasys v. Metropolitan District Commission, 387 Mass. 51, 55 (1982).
In Vasys, the Supreme Judicial Court considered whether a plaintiffs suit under the Massachusetts Tort Claims Act, G.L.c. 258, was barred by failure to make presentment of their claim to the appropriate executive officer of the Commonwealth as required by the statute. Id.; G.L. 258, §4. The Court held that unless a plaintiff included in their complaint that they had presented their claim to the appropriate executive officer prior to bringing suit, the defendant would be under no obligation to raise the issue of presentment in its answer. Vasys, 387 Mass. At 55.[4]
St. Paul’s complaint fails to allege, even generally, that it has exhausted all of its available administrative remedies. St. Paul, therefore, failed at the outset to put TIG on notice that TIG would have to raise its exhaustion argument specifically and with particularity in the answer or that the argument would be waived. Accordingly, the court finds TIG’s argument regarding the exhaustion of administrative remedies is properly raised before this court for the first time in its motion for summary judgment.
The court notes that the case relied on by TIG in support of its substantive exhaustion argument, Utica Mutual Insurance Co. v. Liberty Mutual Insurance Co., 19 Mass.App.Ct. 262 (1985), implies that a failure to raise the exhaustion doctrine by the defendant in an *44 answer could be a bar to asserting that doctrine as a defense. See Utica, 19 Mass.App.Ct. at 266, n.4. The CFB Appeals Court in Utica stated that “[t]here is no question that Liberty [the defendant insurance company invoking the exhaustion argument] adequately saved its rights on these issues. In its answer, Liberty specifically alleged that Utica had failed to exhaust available administrative remedies ...” Id. Because the Court in Utica was not directly faced with the issue of whether an exhaustion of remedies argument must be raised in an answer, this language does not support St. Paul’s argument.
II. St. Paul’s Failure to Exhaust Administrative Remedies:
This court will not consider a dispute concerning workers’ compensation until the parties have exhausted all available administrative remedies. Utica Mutual Insurance Co. v. Liberty Mutual Insurance Co., 19 Mass.App.Ct. 262, 264 (1985). This rule applies to disputes between insurance companies as well as to those between injured claimants and insurers. Id.
St. Paul posits several arguments why the exhaustion requirement should not apply to their claims: (1) that it is seeking indemnification for a claim paid pursuant to G.L.c. 152, §18, and that this creates a separate statutory cause of action that is not subject to the exhaustion doctrine; (2) that indemnification claims falling under the principles of equitable subordination and unjust enrichment are not subject to the exhaustion doctrine; (3) that G.L.c. 93A claims are not subject to the exhaustion doctrine; (4) that a declaratory judgment action under G.L.c. 231 A, seeking an interpretation of G.L.c. 152, §63, may be brought in this court when the issue involves only an interpretation of law; and (5) that Utica, supra, is distinguishable from the case at bar and thus the exhaustion doctrine it holds is inapplicable.
The court holds each of these arguments to be without merit.
G.L.c. 152, §18 requires that an insured general contractor pay the workers’ compensation claims of uninsured subcontractors. The purpose of this provision was to prevent the insured employer from escaping its compensation obligations by contracting the work out to irresponsible entities. See Mobil Oil Corp. v. Roumeliotis, 38 Mass.App.Ct. 245, 250 (1995). The provision also, however, allows a general contractor that has been required to pay a workers’ compensation claim to seek indemnity from “any other person who would have been liable to such employees independently of this section . . .” G.L.c. 152 §18. Although this section creates a cause of action for general contractors that pay compensation, there is nothing to indicate that this cause of action may be brought independently or initially in the Superior Court without resort to DIA procedures. St. Paul attempted, in essence, to implead TIG based on G.L.c. 152, §18. St. Paul could have appealed the order dismissing TIG from the underlying case. G.L.c. 152, §11. Had St. Paul done so, then it could have appealed to the Appeals Court. G.L.c. 152, §12; see also G.L.c. 30A.
St. Paul’s theory that its claims for unjust enrichment, equitable subrogation, and remedies under c. 93A are not subject to the exhaustion doctrine is without support. This court can find no authority for the proposition that claims sounding in equity or other statutory right can be used to bypass administrative review.
Furthermore, St. Paul’s theory of recovery here does not materially distinguish this case from the situation presented in Utica. The fact that the plaintiff in Utica pursued a hearing before a single member of the board pursuant to G.L.c. 152, §15A is a distinction without a difference. Utica, 19 Mass.App.Ct. at 265; G.L.c. 152, §15A. The court agrees with TIG that St. Paul should have followed the procedures that begin with a hearing under G.L.c. 152, §15A. St. Paul cannot circumvent that process here by asserting that Utica dealt with successive insurers without rights under G.L.c. 152, §18.[5]
St. Paul also cannot avoid its available administrative remedies by seeking a declaratory judgment, pursuant to G.L.c. 231A, that G.L.c. 152, §63 requires receipt of a notice of cancellation of an insurance policy by the Workers’ Compensation and Rating Inspection Bureau (“WCRIB”) as a condition precedent to an effective cancellation of coverage. Relying on Bernardo’s Case, 24 Mass.App.Ct. 48, 50 (1987), St. Paul reasons that because a construction of the notice provision found at G.L.c. 152, §63 is a matter of law, it is the court’s duty to entertain their argument. However, Bernardo’s Case, supra, is distinguishable from the case at bar because that case dealt with the issue of whether an enforcement order under G.L.c. 152, §11 (now §12) is appealable and did not consider the issue of exhaustion of administrative remedies.
Because St. Paul was required to exhaust its available administrative remedies, and did not do so, before bringing suit in this court, the court need not reach the other issues that St. Paul raises.
ORDER
For the foregoing reasons, the plaintiff St. Paul Companies’ motion for summary judgment is DENIED, and the defendant TIG Premier’s motion for summary judgment is ALLOWED.

 Nile motion to join was based on G.L.c. 152, §18, which requires that general contractors pay for workers’ compensation claims of persons employed by uninsured sub-contractors, and grants such general- contractors the right to seek indemnity from other responsible parties, including the subcontractor and its insurer. G.L.c. 152, §18.

The parties now sharply dispute whether such notice became “effective,” as a matter of law, on August 7, 1995. As discussed below in this order, the court does not consider the facts concerning when and how notice was sent to be material.

There is no dispute that TIG did, in fact, fail to allege St. Paul’s failure to exhaust its administrative remedies in the answer.

The Court in Vasys held, after clarifying the general Rule 9(c) requirement, that the defendant there was barred from raising presentment for the first time at summary judgment. The court reasoned that under the “unusual circumstances" of that case, including the fact that G.L.c. 258 had not been enacted when the plaintiff attempted to give notice of the suit to the executive authorities, and that the defendant would not be prejudiced by the absence of a presentment defense. Vasys, 387 Mass, at 57. The court is not faced with such circumstances here.

St. Paul’s reliance on Frost v. David C. Wells Ins. Agency, Inc., 14 Mass.App.Ct. 305 (1982), is misplaced. Frost dealt with a premature interlocutory appeal taken from the Superior Court, where the issue of the Superior Court’s jurisdiction of the matter was not at issue, and where the entire opinion was issued by way of dictum. Frost, 14 Mass.App.Ct. at 306.