THOMAS DEARMON'S CASE. No. 01-P-297. June 26, 2003. *Workers' Compensation Act,* Coverage, Notice.

Workers' compensation insurance is compulsory, and an insurer assigned to write coverage through the assigned risk pool, when intending to terminate the employer's coverage, must comply precisely with the statutory notice requirements set out in G. L. c. 152, § 65B, or the policy will continue in effect. *Frost* v. *David C. Wells Ins. Agency, Inc.,* 14 Mass. App. Ct. 305, 309 (1982), and cases cited. Because a primary purpose of the statutory requirements is to enable the Workers' Compensation Rating and Inspection Bureau (rating bureau), which administers the assigned risk pool for the Department of Industrial Accidents, and the department to know on a current basis when an employer, other than a licensed self-insurer, is operating without workers' compensation coverage to protect its employees, the statutory notice requirements applicable to terminations of coverage during the policy term have been held to apply equally to a loss of coverage due to an insurer's decision not to renew coverage at the end of a policy term. See *id.* at 307-309; *Cummings's Case,* 52 Mass. App. Ct. 444, 448-450 (2001).

The policy issued to Thomas Dearmon's employer through the assigned risk pool had a policy period of June 1, 1995, to June 1, 1996. Some time in April, 1996, the insurer sent the employer by regular mail a letter stating that the renewal premium would be $10,545 and that "if payment is not received by the due date [May 31, 1996], either the policy will be issued with a lapse in coverage or your premium check will be returned and no policy will be issued." The employer, thinking incorrectly that he would be billed through the broker who had placed the 1995-1996 policy, put the notice from the insurer in a file, and did nothing further. On June 5, 1996, Thomas Dearmon suffered the injury for which workers' compensation benefits are now sought, some five days after the policy's scheduled expiration date.

The notice requirements of § 65B were not observed. The insurer, following a probably improvident suggestion appearing in the rating bureau's procedures manual, sent the rating bureau a termination notice (the reason given was "policy expiring") in April, simultaneously with the renewal offer sent to the employer. The termination notice did not expressly mention the renewal offer, but such was probably implicit in the manual's assumption that "[a]t least forty-five (45) days, but not more than one hundred (100) days prior to the expiration date of the policy, the designated carrier [i.e., the insurer assigned by the rating bureau to the risk] sends a renewal proposal to the employer." Rating Bureau Procedures Manual part four D.4.a. (Nov. 1995 ed.). In any event, the termination notice, even if facially compliant with § 65B, did not reflect the reality that it was the insurer's actual intention to renew the policy, not terminate it, assuming the premium was paid. (Indeed, the next paragraph of part four D.4.a. indicates that the designated carrier has

an obligation to renew if the premium payment is received by the due date or within fifteen days thereafter.) Moreover, the offer to renew sent to the employer was not the unequivocal notice of "desire to cancel or terminate" called for by § 65B, as amended by St. 1991, c. 398, § 90A. In view of the purpose of that section, to "allow the department to know with certainty whether an employer is insured," *Cummings's Case, supra* at 450, citing *Frost* v. *David C. Wells Ins. Agency, Inc., supra* at 308, it is doubtful that any notice complying with § 65B could be framed and sent prior to the date it could be known whether the renewal offer was accepted. Despite intervening amendments since the *Frost* decision, the workers' compensation law continues to incorporate the possibility that this compulsory coverage may continue in effect for a short period beyond a policy's expiration date to accommodate the enforcement requirements that ensure coverage for employees.

The Industrial Accident Reviewing Board (reviewing board) was correct in ruling that the insurer's attempted nonrenewal was ineffective because it did not comply with § 65B, with the result that the insurer remained the employer's workers' compensation carrier on June 5, 1996, the date of Dearmon's accident.

The decision of the reviewing board is affirmed.

*So ordered.*

*Scott P. Lewis* (*Jordana B. Glasgow* with him) for the insurer.

*Thomas Wielgus* for Workers' Compensation Trust Fund.