JOHN W. McLEOD's (dependent's) CASE. June 8, 1982. The claimant-widow sustained her burden of proving that the employee's death was work related. G. L. c. 152, § 7A. See *Anderson's Case*, 373 Mass. 813 (1977). Compare *Lysaght's Case*, 328 Mass. 281, 284-285 (1952). The board's ruling was thus correct, and it "should be upheld even though the

reason given may be wrong." *Minn's Case,* 286 Mass. 459, 467 (1934). *Harvey's Case,* 295 Mass. 300, 304-305 (1936).

Where a claimant has not been paid compensation prior to a final decision, benefits are to be computed at the rate in effect as of the date of the board's final decision or as of the date the appellate process, if any, has been concluded. G. L. c. 152, § 51A. See Locke, Workmen's Compensation § 302 (1981). The judge was in error in concluding that the increased rate of benefits was a matter within the board's discretion. The fact that the claimant raised this question for the first time under Mass.R. Civ.P. 60, 365 Mass. 828 (1974), does not preclude us from considering the issue, which turns on a question of law and involves no factual determination. Compare *Casey's Case,* 6 Mass. App. Ct. 859, 859-860 (1978), and cases therein cited.

The order denying the claimant's motion for relief from judgment and the judgment are reversed. A new judgment is to enter, remanding the matter to the board for computation of the claimant's benefits under G. L. c. 152, § 51A, as of the date of the conclusion of the appellate process, and for the entry of a new decision awarding compensation in accordance therewith.

The claimant is entitled to the costs, expenses, and attorneys' fees of these cross appeals in an amount to be determined in the discretion of a single justice of this court.

*So ordered.*

*Henry W. Dardinski* for the insurer.
*Thomas P. Crotty* for the claimant.