## JOHN W. MCLEOD'S (dependents') CASE.

Suffolk. December 6, 1982. — June 13, 1983.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Workmen's Compensation Act*, Amount of compensation. *Administrative Law*, Failure to raise issue before agency. *Practice, Civil*, Failure to raise issue.

This court considered the contention of a workmen's compensation claimant that she was entitled to benefits computed at the rate provided by G. L. c. 152, § 51A, on the date of the final decision on her claim rather than at the time of her husband's injury, even though she had failed to raise the issue before the Industrial Accident Board and in the Superior Court. [433-434]

Under G. L. c. 152, § 51A, the Industrial Accident Board has no discretion, in a case in which no compensation has been paid before the final decision, to compute benefits at the rate in effect at the time of the injury, but must award compensation at the rate provided by statute on the date of the decision. [434-435]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

The case was heard by *Furnari*, J., a District Court judge sitting under statutory authority.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Emile Dudziak* for the insurer.

*Thomas P. Crotty* for the claimant.

O'CONNOR, J. General Laws c. 152, § 51A, inserted by St. 1969, c. 833, § 1, provides: "In any claim [for workmen's compensation] in which no compensation has been paid prior to the final decision on such claim, said final decision shall take into consideration the compensation provided by statute on the date of the decision, rather than the date of the injury." This case presents two questions: (1) whether,

in the circumstances contemplated by G. L. c. 152, § 51A, the Industrial Accident Board (board) has discretion to compute benefits at the rates provided by statute at the time of the injury rather than at the rates prevailing at the time of the final decision on the claim; and (2) whether the claimant has raised and preserved the question in timely fashion.

John W. McLeod died on August 25, 1975, after suffering a heart attack that day while at his place of employment. His widow filed a claim for benefits under G. L. c. 152, §§ 31, 32, and 33. A hearing was held before a single member of the board on May 25, 1978. At issue was whether the death arose out of and in the course of McLeod's employment. The issue was resolved in favor of the claimant by a decision filed July 31, 1980. The single member awarded the claimant widow's dependency benefits at a rate of $55 per week, dependency compensation for a minor child at a rate of $6 per week, and burial expenses. The insurer appealed to the board. On January 28, 1981, the board affirmed and adopted the findings and decision of the single member, awarded dependency benefits in the same amounts as were awarded by the single member, and ordered the payment of reasonable burial expenses not to exceed $1,000.

The insurer appealed to the Superior Court, which affirmed the board's decision and entered an order identical to that of the board in all respects. The claimant then filed a motion for relief from judgment, Mass. R. Civ. P. 60(a), 365 Mass. 828 (1974), asserting that G. L. c. 152, § 51A, required her award of compensation to be computed at the rates provided by G. L. c. 152, §§ 31 and 33, on the date of the Superior Court decision, and that it was error to compute her award at the rates provided by those sections on the date of McLeod's injury. The compensation rate for widow's dependency benefits on the date of McLeod's injury was $55 per week, to a maximum of $16,000. G. L. c. 152, § 31, as amended through St. 1974, c. 438, § 1. The rate in effect on the date of the Superior Court decision was $110 per week, to a maximum of $32,000. *Id.*, as ap-

pearing in St. 1978, c. 461, § 1.[1]  On the date of McLeod's
injury, the insurer was required to pay reasonable burial ex-
penses, not exceeding $1,000.  G. L. c. 152, § 33, as ap-
pearing in St. 1960, c. 287.  On the date of the Superior
Court decision, the statutory maximum was $2,000.  *Id.*, as
appearing in St. 1978, c. 425.[2]  The claimant's motion for
relief from judgment was denied.  The insurer appealed
from the affirmance of the board's decision, and the claim-
ant appealed from the denial of her motion.  Both appeals
were heard in the Appeals Court.

The Appeals Court ruled that the claimant had sustained
her burden of proving that McLeod's death arose out of and
in the course of his employment.  The court ruled further
that the Superior Court judge had erred in concluding that
the board has discretion to apply the benefit rates in effect
at the time of the final decision.  The court reversed the
order denying the claimant's motion for relief from judg-
ment, reversed the judgment, and remanded the case to the
board for the entry of a new decision awarding compensa-
tion at the statutory rate in effect at the conclusion of the
appellate process.  *McLeod's Case*, 14 Mass. App. Ct. 906,
907 (1982).  The insurer requested further appellate review
to determine whether the claimant had raised and pre-
served her contentions under G. L. c. 152, § 51A, in timely
fashion, and to determine whether the Appeals Court's in-
terpretation of § 51A was correct.[3]

We reach the claimant's contentions under G. L. c. 152,
§ 51A, and hold that that section requires the award to the
claimant to be computed at the rate provided on the date of
the final decision.

---

[1] General Laws c. 152, § 31, was most recently amended by St. 1982,
c. 663, § 1, providing for further increases in benefits.

[2] That no compensation was paid prior to the Superior Court decision,
and that G. L. c. 152, § 51A, is applicable, are not disputed.

[3] The insurer does not now contend that the board's decision that
McLeod's injury arose out of and in the course of his employment was er-
roneous.

Where injustice might otherwise result, an appellate court properly may consider questions of law which were neither argued nor passed upon in a court or agency below. *Hormel* v. *Helvering,* 312 U.S. 552, 557 (1941). See *Albert* v. *Municipal Court of the City of Boston,* 388 Mass. 491, 494 (1983). Whether the claimant is entitled to be compensated at the rate provided by statute on the date of the final decision on her claim is a pure question of law. Ruling on this issue would avoid the injustice to the claimant of allowing the judgment of the Superior Court to stand when it may deprive her of benefits to which she is entitled under G. L. c. 152, § 51A. Moreover, deciding the effect of § 51A would not unfairly prejudice the insurer. The claimant's failure to raise the question of the proper rate of compensation prior to her motion for relief from judgment did not unfairly deprive the insurer of an opportunity to present relevant evidence. Any argument that would have been available to the insurer at an earlier state of the proceedings is just as available here. Therefore, we decide which rate is applicable.

The insurer asserts that although the word "shall" often is regarded as mandatory, the inquiry in this case is the meaning of the words "shall take into consideration." See G. L. c. 152, § 51A. The insurer contends that § 51A requires the board only to "consider" the compensation rates provided by statute at the time of a final decision. The insurer maintains that, having done that, the board is then free to apply those rates or the rates in force on the date of the injury. The insurer argues further that since an injury ordinarily is compensated at the rates provided by statute on the date of the injury, *Steuterman's Case,* 323 Mass. 454, 457 (1948), if the Legislature had intended a contrary result in the circumstances contemplated by G. L. c. 152, § 51A, it would have explicitly so provided. While these arguments have force, they do not persuade us.

General Laws c. 152, § 51A, provides: "In any claim [for workmen's compensation] in which no compensation has been paid prior to the final decision on such claim, said

final decision shall take into consideration the compensation provided by statute on the date of the decision, *rather than* the date of the injury" (emphasis added). By those terms, consideration of the compensation rates provided on the date of the injury is excluded, leaving the board but one rate to consider. In light of that exclusion, the only reasonable interpretation of G. L. c. 152, § 51A, is that in any claim in which no compensation has been paid prior to the final decision, the final decision must award compensation at the rates provided by statute on the date of the decision.

The mandatory nature of G. L. c. 152, § 51A, is demonstrated not only by the language that the Legislature employed, but also by the language it did not employ. The statute contains no guidelines for the exercise of discretion. In the absence of a clear expression of legislative intent, we think it unlikely that the Legislature intended to vest in the board unlimited discretion to choose between rates of compensation.[4] We think it more likely that G. L. c. 152, § 51A, reflects a legislative intent to avoid obsolescence of compensation rates by requiring benefits to be computed in accordance with the statutory rate in effect at the time of the final decision, when no payments have been made during the period the claim has been contested.

The judgment of the Superior Court and the order denying the claimant's motion for relief from judgment are reversed. The case is remanded to the Superior Court for the entry of an order remanding the case to the board for computation of the claimant's benefits at the rates in effect at the time of computation, and for the entry of a new decision awarding compensation in accordance with this opinion. The board may conduct such evidentiary hearings as may be appropriate for that purpose.

*So ordered.*

---

[4] We express no view as to the constitutionality of such a construction of G. L. c. 152, § 51A.