## JOSEPH BERNARDO'S CASE.

Hampden.   November 24, 1986. — April 13, 1987.

Present: PERRETTA, CUTTER, & SMITH, JJ.

*Workmen's Compensation Act,* Enforcement of order by Superior Court,
Exhaustion of administrative remedies, Amount of compensation, Sub-
sequent injury. *Statute,* Construction, Retroactivity.

This court decided to consider an insurer's appeal from an enforcement order
    entered by a Superior Court judge requiring the insurer to pay workers'
    compensation benefits to an injured employee at the weekly rate set by
    a single member of the Industrial Accident Board, where the issue on
    appeal turned on a question of law, namely, whether the employee's
    maximum benefits were to be calculated under G. L. c. 152, § 35, as
    in effect in 1980 or in 1983; where nothing in the case was pending
    before the board; and where resolution of the question required no exper-
    tise peculiar to the board. [49-50]
Where an employee was injured on October 24, 1980, received workers'
    compensation benefits for a short time, and then returned to work until
    he left on January 14, 1983, because of an injury, and where a single
    member of the Industrial Accident Board ordered an insurer to pay the
    employee benefits at the weekly rate calculated under G. L. c. 152,
    § 35B, that is, at the weekly rate in effect on January 14, 1983, and
    the insurer took no appeal but paid the employee accordingly until
    October 1985, when it stopped making payments to the employee, who
    then sought enforcement of the single member's order in the Superior
    Court, the insurer was precluded from arguing, on appeal of the enforce-
    ment order entered by a Superior Court judge, that without any claim
    by the employee that a "new incident" took place on January 14, 1983,
    application of § 35B for recalculation of a higher rate and maximum
    amount of benefits based on the 1980 injury was erroneous. [50-51]
Where an employee who had been injured on October 24, 1980, and had
    received workers' compensation benefits for a short time and then re-
    turned to work, sustained a "subsequent injury" after December 1, 1981,
    the effective date of St. 1981, c. 572, § 2, amending G. L. c. 152,
    § 35, the amount of maximum benefits which the employee could receive
    was governed by that amendment, rather than by § 35 as appearing in
    St. 1976, c. 474, § 9, and as in effect when the employee was injured
    in 1980. [51-52]

CERTIFICATION to the Superior Court Department of a decision by the Industrial Accident Board.

A proceeding for enforcement of an order by a single member of the Industrial Accident Board was heard by *John F. Murphy, Jr., J.*

*Edward V. Leja* for the insurer.

*Earlon L. Seeley, Jr.,* for the employee.

PERRETTA, J. There is no dispute that the employee was injured on October 24, 1980, that he received workers' compensation benefits for a short time and then returned to work, that he again left work on January 14, 1983, because of an injury, and that, on September 12, 1984, a single member of the Industrial Accident Board (board), pursuant to G. L. c. 152, § 7, ordered the insurer to pay the employee benefits in accordance with § 35B, that is, at the weekly rate in effect on January 14, 1983. The dispute begins in October, 1985, when the insurer stopped making payments to the employee, who then sought enforcement of the single member's order in the Superior Court under § 11. The insurer took the position, and continues to do so, that the employee has exhausted the maximum amount of benefits due him under § 35, as in effect on October 24, 1980, the date of the original injury. The judge concluded that the amount of maximum benefits which the employee could receive under § 35 was to be determined as of the date of his subsequent injury, January 14, 1983. He ordered the insurer to pay the employee at the weekly rate set by the single member under § 35B until the recalculated amount of maximum benefits had been exhausted or the employee returned to work. The insurer appeals, arguing that the enforcement order violates § 2A in that it increases the benefits due the employee for an injury sustained prior to St. 1981, c. 572, § 2, amending § 35. We affirm.

1. *Appealability of the Order.*

Ordinarily, an appeal does not lie from an enforcement order entered by the Superior Court, because proceedings before the board have not been completed and the parties have not exhausted their administrative remedies. See *Assuncao's Case,* 372 Mass. 6 (1977); *Biagini's Case,* 22 Mass. App. Ct. 103

(1986). In the present case, however, the insurer has never contested the single member's order, which provides for the weekly rate of payments to be made to the employee in accordance with § 35B "from . . . [January 14, 1983] to date [September 12, 1984] and continuing."

Although it might be argued that, by discontinuing payments without obtaining the board's authorization for the discontinuance, the insurer failed to comply with § 29, as amended through St. 1979, c. 155, and in effect in October, 1985, the employee makes no such contention. Assuming without deciding that the insurer should have applied for such authorization and that it is still open to the insurer to do so were we to dismiss the appeal on that basis, we would decline to do so. Compare *Cabral's Case,* 18 Mass. App. Ct. 141, 143-144 (1984). This controversy turns on a question of law, whether the employee's maximum benefits are to be calculated under § 35 as in effect in 1980 or in 1983. "Well established is the principle that '[t]he duty of statutory interpretation is for the courts.' *Cleary* v. *Cardullo's, Inc.,* 347 Mass. 337, 344 (1964)." *Casey* v. *Massachusetts Elec. Co.,* 392 Mass. 876, 879 (1984).

Because there is nothing pending before the board, *Assuncao's Case, supra,* and because resolution of the question requires no expertise peculiar to the board, *Casey* v. *Massachusetts Elec. Co.,* 392 Mass. at 879, and cases therein cited, we decide the appeal.

2. *Amount of Maximum Benefits Due.*

Section 35B, inserted by St. 1970, c. 667, § 1, provides: "An employee who has been receiving compensation under this chapter and who has returned to work for a period of not less than two months shall, if he is subsequently injured and receives compensation, be paid such compensation at the rate in effect at the time of the subsequent injury whether or not such subsequent injury is determined to be a recurrence of the former injury . . . ." When the single member ordered the insurer to pay the employee at the weekly rate calculated under § 35B, that is, at the weekly rate in effect on January 14, 1983, the insurer took no appeal and paid the employee accord-

ingly. The insurer cannot now argue, as it does, that without any claim by the employee that a "new incident" took place January 14, 1983, application of § 35B, for recalculation of a higher rate and maximum amount of benefits based on the October 24, 1980 injury, was erroneous. The insurer is bound by the position that it took when it complied with the single member's order until October, 1985, that is, it would pay the employee weekly benefits at the rate in effect on January 14, 1983. We proceed, therefore, on the premise that on January 14, 1983, the employee was "subsequently injured" within the meaning of § 35B. See *Don Francisco's Case,* 14 Mass. App. Ct. 456, 461 (1982).

The amount of maximum benefits which an employee can receive is set by § 34 (total incapacity) and § 35 (partial incapacity). According to the Superior Court enforcement order, we are here dealing with § 35. Under § 35, as appearing in St. 1976, c. 474, § 9, and as in effect when the employee was injured in 1980, the total amount of compensation due an employee injured on or after October 1, 1978, was $45,000. See St. 1976, c. 474, § 12. Section 35 was thereafter amended by St. 1981, c. 572, § 2, to remove the limitation, as theretofore expressed in a dollar amount, and to use instead a self-adjusting maximum amount determined by a multiple of 250 times the average weekly wage.[1] If the 1981 amendment is applicable to the employee, the maximum amount of benefits to which he is entitled is $74,462.50. Section 5 of St. 1981, c. 572, provides that the amendment "shall apply only to injuries occurring on or after its effective date" of December 1, 1981.

The insurer argues that, because St. 1981, c. 572, § 2, increases the amount of total compensation payable to an em-

---

[1] Section 35 was again rewritten, by St. 1985, c. 572, § 44, to provide: "While the incapacity for work resulting from the injury is partial, during each week of incapacity the insurer shall pay the injured employee a weekly compensation equal to two-thirds of the difference between his average weekly wage before the injury and the weekly wage he is capable of earning after the injury, but not more than the maximum weekly compensation rate.

"The total number of weeks of compensation due the employee under this section shall not exceed six hundred."

ployee, that amendment must "be deemed to be substantive in character," c. 152, § 2A, inserted by St. 1946, c. 386, § 3, with only prospective application. See *Zerofski's Case,* 12 Mass. App. Ct. 154, 159 (1981), *S.C.,* 385 Mass. 590 (1982). If the insurer is correct, there could be an eleven-year period (the time lapse between the 1970 enactment of § 35B and the 1981 enactment of the self-adjusting maximum) in which an employee would be eligible for weekly rates set in accordance with § 35B, but without the benefit of the self-adjusting maximum. Indeed, the insurer argues that such is the situation in the present case, because the date of the employee's original injury is October 24, 1980.

Assuming without deciding that St. 1981, c. 572, § 2, creates rights not implicit in § 35B, we conclude that the enforcement order does not constitute a retroactive application of § 35, as amended through 1981. We stated in *Don Francisco's Case,* 14 Mass. App. Ct. at 463, that "[u]nder § 35B . . . the employee's right to compensation at the increased rate and the insurer's burden to pay it originate in the change in the employee's condition subsequent to his return to work." Where, as here, the employee's subsequent injury occurs after December 1, 1981, the effective date of St. 1981, c. 572, § 2, application of that amendment is not retrospective.

The order is affirmed. Costs to the employee are to be determined by a single justice of this court under G. L. c. 152, § 12A, as appearing in St. 1985, c. 572, § 27.

*So ordered.*