ADOLPHUS A. GORDON'S CASE. No. 87-682. June 30, 1988. *Workmen's Compensation Act*, Amount of compensation.

On September 7 and 17, 1976, while working for Harvard University, the employee sustained injuries to his left leg and back. Harvard (which is

a self-insurer) refused to pay benefits under G. L. c. 152.[1] The employee filed a claim under G. L. c. 152, which was the subject of a conference under § 7 of that statute on September 12, 1980. The conference did not resolve the claim. On July 21, 1983, following an evidentiary hearing, a single member of the Industrial Accident Board ordered Harvard to pay the employee total and partial disability payments pursuant to G. L. c. 152, §§ 34 and 35, together with interest on the payments pursuant to G. L. c. 152, § 50. Harvard appealed from the single member's decision to the review board. On February 9, 1984, Harvard withdrew its appeal. The next day, Harvard paid the employee the payments ordered by the single member.

The employee thereafter received permission from a judge of the Superior Court to request compensation at the higher rates provided for by G. L. c. 152, § 51A.[2] A single member and the review board declined to apply § 51A to the employee's payments. The employee sought review in the Superior Court. On March 24, 1987, judgment was entered in the Superior Court ordering Harvard to make payments in accordance with § 51A, as more particularly specified in the judgment. Harvard has appealed. We affirm.

With respect to entitlement, § 51A speaks simply in terms of a final decision of a claim under c. 152, not in terms of a final decision of such a claim by the reviewing board or a court. The single member's decision in this case was rendered pursuant to G. L. c. 152, § 8, after a full evidentiary hearing. That decision contains subsidiary findings of fact, general findings (which are in the nature of rulings of law), and discussion of other matters pertinent to the questions raised by the parties in the course of the hearing. Although G. L. c. 30A, the State Administrative Procedure Act, does not apply to the adjudication of claims arising under G. L. c. 152, a valid comparison can be made in this case between the decision of the single member and the decision of an administrative law judge. As was said in *International Tel. & Tel. Corp.* v. *Local 134, Intl. Bhd. of Elec. Workers*, 419 U.S. 428, 445 (1975), about the decision of an administrative law judge: "The prototype of an intermediate proceeding that is 'agency process for the formulation of an order,' is a hearing before an administrative law judge who makes findings of fact and conclusions of law, initially decides the case, and whose recommended decision 'becomes the decision of the agency . . . unless there is an appeal to, or review on motion of, the agency.' " Applying this reasoning, we agree with the employee that, upon Harvard's withdrawal of its appeal to the reviewing board, the decision of

[1] The case arises under the provisions of c. 152 in effect prior to the enactment of St. 1985, c. 572, which substantially revised c. 152.

[2] General Laws c. 152, § 51A, inserted by St. 1969, c. 833, § 1, provides as follows: "In any claim [for worker's compensation] in which no compensation has been paid prior to the final decision on such claim, said final decision shall take into consideration the compensation provided by statute on the date of the decision, rather than the date of the injury."

the single member became "the final decision on [the c. 152] claim" for purposes of the application of 51A, because the employee's claim was no longer contested by Harvard in any material respect and, therefore, had been conclusively resolved. That the result would arguably have been different had Harvard paid the benefits ordered by the single member and then withdrawn its appeal is of no consequence. Section 51A draws the line at the payment of compensation "prior to the final decision," a circumstance that did not occur in this case.[3] Based upon that fact, the judge acted correctly in ordering payments to be made to the employee in accordance with § 51A. The other arguments urged by Harvard that § 51A should not be applied are adequately answered in the employee's brief and do not merit discussion.

The judgment is affirmed. The employee is entitled to costs, expenses, and attorney's fees in connection with this appeal in an amount to be determined in the discretion of a single justice of this court.

*So ordered.*

*Richard N. Curtin* for the self-insurer.
*Emily J. Novick* for the employee.

---

[3] The judge also correctly ruled that payments made by Harvard to the employee under private wage continuation and medical plans did not relieve Harvard of liability under § 51A. The reference to the payment of "compensation" in § 51A refers to compensation or benefits paid under the provisions of G. L. c. 152, not to compensation or payments under private contractual plans. See *Gould's Case,* 355 Mass. 66, 72 (1968).