MARINO BIAGINI'S CASE. No. 87-684. August 12, 1988. *Workmen's Compensation Act,* Amount of compensation.

Our task is to determine whether § 51A of G.L. c. 152,[1] is applicable to the instant circumstances. We review in summary fashion the chronology of events: The employee's claim for disability benefits beginning September 17, 1981, arose out of an injury which occurred on June 18, 1981; payment was denied at a § 7 conference on August 11, 1982; at an evidentiary hearing pursuant to § 8, a single member awarded payment of total incapacity compensation from September 17, 1981, and continuing at the maximum rate in effect on June 18, 1981; § 11 [now § 12] enforcement of the single member's award was sought and denied in the Superior Court; on April 22, 1986, the Appeals Court ordered payment in accordance with the single member's decision.[2]

As a result of the decision of this court, the insurer paid, for the first time, compensation, at a rate which was the maximum in effect on the date of the employee's injury (June 18, 1981). Prior to our decision, on February 6, 1986, the reviewing board had affirmed and adopted the findings and decision of the single member without any mention of the employee's request for payment in accordance with § 51A. At that juncture, both parties sought relief in the Superior Court; the insurer seeking review of the merits, the employee enforcement of the decision and a favorable ruling on the applicability of § 51A. A Superior Court judge ruled adversely to the employee on January 15, 1987, on the § 51A claim because payments had been made following the Appeals Court decision on April 22, 1986, but prior to his ruling. In his decision he stated:

> "I would rule that [§] 51A does not apply since compensation was paid before any final decision, the matter still being on appeal or review in the Hampden Superior Court."[3]

---

[1] General Laws c. 152, § 51A, inserted by St. 1969, c. 833, § 1, provides as follows: "In any claim [for worker's compensation] in which no compensation has been paid prior to the final decision on such claim, said final decision shall take into consideration the compensation provided by statute on the date of the decision, rather than the date of the injury."

[2] See *Biagini's Case,* 22 Mass. App. Ct. 103 (1986).

[3] The record reflects that the court did not reach the merits and was not requested to do so.

This appeal ensued.

The pivotal question is whether in these circumstances there has been a "final decision" within the meaning of § 51A. "With respect to entitlement, § 51A speaks simply in terms of a final decision of a claim under c. 152, not in terms of a final decision of such a claim by the review board or a court." *Gordon's Case, ante* 924, 925 (1988). We hold that in the present case for purposes of the application of § 51A the decision of the review board became "the final decision on [the c. 152] claim." We would be hard pressed to rule otherwise, as the employee here waited five years before receiving compensation (i.e., from 1981 when the injury occurred until this court's decision in 1986). Our conclusion is consistent with the policy rationale discussed in *McLeod's Case*, 389 Mass. 431, 435 (1983):

> "We think it more likely that G. L. c. 152, § 51A, reflects a legislative intent to avoid obsolescence of compensation rates by requiring benefits to be computed in accordance with the statutory rate in effect at the time of the final decision, when no payments have been made during the period the claim has been contested."

As was stated above, the Superior Court judge ruled that § 51A does not apply because compensation was paid before any final decision, "the matter still being on appeal or review in the Hampden Superior Court." The employee argues, we think correctly, that "[t]he substance of [this] decision . . . would completely defeat the intention of Section 51A which is to avoid obsolescence of compensation rates . . . ." All the insurer would have to do in a case of this nature to avoid having to pay a higher rate is to keep filing appeals and thereby prolong the period in which payments at the reduced rate can be made.[4] That would be unfair, inequitable, and contrary to the legislative intent.

The portion of the judgment denying computation of compensation in accordance with § 51A is vacated. The case is remanded to the Superior Court for the entry of an order remanding the case to the Department of Industrial Accidents for the entry of a new decision awarding compensation at the rate in effect on February 6, 1986.

*So ordered.*

*Gerard L. Pellegrini* for the employee.
*Douglas F. Boyd* for the insurer.

---

[4] As has already been noted, after the Appeals Court decision the insurer never marked up for hearing its challenge to the merits. Even at the time of the entry of the judge's order in the instant matter, the employer still had not moved for a hearing on the merits. At the instigation of the employee this challenge by the employer was ultimately dismissed on April 30, 1987, by a different Superior Court judge.