WARREN S. HANSON'S CASE. No. 87-858. November 4, 1988. *Workmen's Compensation Act,* Amount of compensation. *Statute,* Construction. *Words,* "Average weekly wage."

The employee contends that § 51A of the workers' compensation law (G. L. c. 152) requires that his "average weekly wage" for purposes of § 34A be computed at the time of the final decision awarding him compensation. We reject this reading of § 34A[1] and affirm the judgment of the Superior Court upholding the decision of the reviewing board that the employee's "average weekly wage" is to be computed at the time of the injury.

Section 51A, inserted by St. 1969, c. 833, § 1, provides in relevant part that "[i]n any claim in which no compensation has been paid prior to the final decision on such claim," the employee is to be paid "the compensation provided by statute on the date of the decision, rather than the date of the injury." The section "reflects a legislative intent to avoid obsolescence of compensation rates by requiring benefits to be computed in accordance with the *statutory* rate in effect at the time of the final decision, when no payments have been made during the period the claim has been contested" (emphasis supplied). *McLeod's Case,* 389 Mass. 431, 435 (1983).

---

[1] The applicable statute is G. L. c. 152, § 34A, as appearing in St. 1976, c. 474, § 6, which provided in relevant part: "While the incapacity for work resulting from the injury is both permanent and total, the insurer shall pay to the injured employee, following payment of the maximum amount of compensation provided in sections thirty-four and thirty-five, or either of them, a weekly compensation equal to two thirds of his average weekly wage but not more than the average weekly wage in the commonwealth, as determined, according to the provisions of subsection (*a*) of section twenty-nine of chapter one hundred and fifty-one A, . . . "

The employee was injured in 1975. Since the self-insurer had made no payments on the employee's claim under § 34A prior to a decision of a panel of this court affirming a judgment for the employee, 18 Mass. App. Ct. 1112 (1984), the employee on remand[2] correctly argued that the benefits had to be recomputed so as to comply with G. L. c. 152, § 51A. See *McLeod's Case*, 389 Mass. at 434.

Both at the time of the employee's injury and at the time of the final decision,[3] § 34A provided for a "weekly compensation equal to two thirds of the [employee's] average weekly wage," but not to fall below a minimum or to exceed a specified maximum. At the time of the employee's injury in 1975, the maximum was ninety-five dollars, but was subsequently raised by St. 1976, c. 474, § 6.[4] This increase permitted the employee, by reason of the application of § 51A, to receive benefits of $189.13 (two thirds of his average weekly wage at the time of the injury) instead of the ninety-five dollar maximum in effect at the date of his mishap.

The employee claimed, and continues to claim, that not only is he not bound by the ninety-five dollar maximum but he is also entitled to have his compensation based on the average weekly amount which, during the twelve months prior to the final decision, was earned by a person in the same grade doing the same work for the employer.[5] General Laws c. 152, § 1, precludes this construction. That section provides that the terms used in c. 152 "shall, unless a different meaning is plainly required by the context or specifically prescribed," have defined meanings. Section 34A uses the term "average weekly wage" which is explicitly defined in § 1(1)[6] as "the earnings of the injured employee during the period of twelve calendar months immediately preceding the date of injury, divided by fifty-two."

The rules of statutory construction reinforce the statute's specific directive. "When the word 'wages' is used in one definite sense with reference to a

---

[2] This court had remanded the matter to the Superior Court for a determination of costs and attorney's fees.

[3] Since § 34A remained unchanged between the time of the original decision of the single member on January 6, 1983, and the decision of a panel of this court on September 24, 1984, we need not determine at what point the "final" decision occurred. Compare *Gordon's Case, ante* 924, 925 (1988); *Biagini's Case, ante* 952 (1988).

[4] The minimum and maximum amounts are not significant here since two-thirds of the employee's average weekly wages at the time of his injury fall between those figures.

[5] The employee's interpretation was adopted by the Superior Court judge who, after the decision of this court, recommitted the case to the Industrial Accident Board for computation of benefits. The single member, the reviewing board, and the different Superior Court judge who affirmed the decision of the reviewing board all construed § 34A (as we do) to require that compensation be based on the employee's wages at the time of the injury.

[6] The term defined in § 1(1) is "average weekly wage*s*" (emphasis supplied).

particular standard in one vital part of the act, it must be presumed that it is used with reference to the same standard elsewhere in the act and its amendments, unless a different meaning is plainly expressed." *Gagnon's Case*, 228 Mass. 334, 338 (1917).

No other meaning is "plainly" or otherwise expressed. Nor does the legislative policy reflected in § 51A, see *McLeod's Case*, 389 Mass. at 435, "plainly" require a meaning which deviates from the statutory definition.[7]

*Judgment affirmed.*

*Thomas J. Carey, Jr.* (*Burton M. Pike* with him) for the employee.

*Leonard F. Zandrow, Jr.* (*Richard N. Curtin* with him) for the self-insurer.

---

[7] The employee's contention would have even less force under the current G. L. c. 152, § 34A, as appearing in St. 1985, c. 572, § 43, which provides, in relevant part, that "the insurer shall pay the injured employee compensation equal to two-thirds of his average weekly wage *before the injury* but not more than . . ." (emphasis supplied).