GERMAN S. RIVERA *vs.* H. B. SMITH COMPANY, INC. No. 88-P-118. May 12, 1989. *Administrative Law*, Regulations, Agency. *Workmen's Compensation Act*, Enforcement of order by Superior Court, Compensation.

A 1944 circular letter of the Department of Industrial Accidents directed the attention of all insurers and self-insurers "to the long standing rule of the [Industrial Accident] Board" that insurers "are required to mail or deliver the compensation due" under the workers' compensation act "to the homes of employees[1] . . . ."

Despite this rule of long standing, the employer in this case, H. B. Smith Company, Inc., required all employees, who were physically able,

---

[1] A later (1947) circular letter reiterated the rule and explained:

"It has been brought to the attention of this Department that certain insurers, self-insurers, and public subdivisions subject to the Act are requiring that injured employees who are receiving weekly compensation shall call for their weekly payments at the offices of such insurers, self-insurers, and public subdivisions and that in some such cases an injured employee is subjected to harangue and sometimes wordy abuse as to why he is not back to work and pressure is oftentimes exerted to have the employees sign agreements to discontinuance notwithstanding they may insist they are not able to return to work and are still disabled.

"Insurers, self-insurers, and compensation agents of the several political subdivisions are now instructed that checks in payment of weekly compensation shall be mailed weekly to employees addressed to their place of residence. This requirement does not in any way preclude the right of the insurer, self-insurer, and compensation agents to require and employee to submit to physical examination at reasonable times and places within the purview of [G. L. c. 152, § 45]"

The 1944 circular was reissued in 1955.

to report to the employer to receive their compensation checks. The employee brought an action to require the employer to mail him his checks.[2] Although the judgment ordered the employer (self-insurer) to pay the back amounts due (withheld by the employer because the employee did not pick them up), as well as costs under G. L. c. 152, § 12, and attorney's fees under § 12A, the judgment did not specifically state that the payments had to be mailed. After the employer still refused to mail the checks, a second complaint (entitled "complaint for contempt") was filed and an amended judgment was issued ordering the employer to mail the checks to the employee's home.

In its appeal from the amended judgment ordering it to mail the checks to the employee, the self-insurer argues that the Superior Court did not have jurisdiction, on the ground that this is an action to interpret rather than enforce the order, see G. L. c. 152, § 12, and that the employee should have first sought the Department's views on the matter. Contrary to the employer's claim, the long-standing position of the Department that payment was to be made without demanding that the employee go to the employer for his check was clear. No additional interpretation by the agency was required for the employee to seek court enforcement of the agency's order.

The insurer also claims that 452 Code Mass. Regs. § 1.02 (1986), as in force at the time of the original order for payment, is at variance with the rule relied upon by the employee and, since the rule "contradicts" the later regulation, "it has no effect."

The employer's position is devoid of merit. The regulation reads:

"Payment of Benefits in a Timely Fashion as used in M.G.L. c. 152, s. 8, shall be payments made within fourteen (14) calendar days of the insurer's receipt of written notice from any source, or of any communication from the department, that such benefits may be due. Delivery of such payments in hand or placement of such payments in the mail, postmarked not later than midnight on said fourteenth day, shall constitute payments made."

The regulation is directed to timely payment. Nothing therein nullifies the procedure prescribed in the 1944 and 1947 circular letters. Moreover, one of the common definitions of deliver is "to take *to* the intended recipient." (Emphasis supplied.) American Heritage Dictionary 349 (1976).

The weight to be accorded an agency circular, as contrasted with a regulation which has the force of law, "will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Tinkham* v. *Department*

---

[2] The record in this case does not contain the original complaint of the employee nor does it contain any statements under Mass.R.A.P. 8(c) or (d), 378 Mass. 933, 934 (1979). We take our facts from the employer's (appellant's) brief.

*of Pub. Welfare*, 11 Mass. App. Ct. 505, 514 (1981), quoting from *Skidmore* v. *Swift & Co.*, 323 U.S. 134, 140 (1944). We think the long-standing rule which was known to the self-insurer meets the criteria entitling it to deference. It is consistent with the regulation and is effective.

In sum, the employer's argument for requiring employees to pick up workers' compensation checks at the pay window is altogether unpersuasive. As spelled out in the circular set out in note 1, *supra*, the employer has means available for verifying whether an employee's disability persists. The judgment is affirmed. Costs to the employee are to be determined by a single justice of this court under G. L. c. 152, § 12A. *Pospisil's Case*, 402 Mass. 820, 823 (1988). *Bernardo's Case*, 24 Mass. App. Ct. 48, 52 (1987).

*So ordered.*

*Peter J. Stasz* for the defendant.
*Gerard L. Pellegrini* for the plaintiff.