GEORGE MUGFORD'S CASE. No. 98-P-1325. November 13, 1998. *Workers' Compensation Act,* Amount of compensation. *Statute,* Construction. *Administrative Law,* Agency's interpretation of statute.

The underlying facts in this worker's compensation case are undisputed. On May 24, 1983, the employee sustained a work related injury to his back for which the the insurer accepted liability. The insurer paid him weekly benefits for temporary total disability under G. L. c. 152, § 34, until December 15,

1988.[1] Meanwhile, on August 20, 1987, the employee filed a claim for permanent and total disability benefits under G. L. c. 152, § 34A. The insurer denied the § 34A claim, and on May 8, 1989, the case came on for a hearing before an administrative judge. In her December 27, 1989, decision, the administrative judge found that the employee was permanently and totally disabled, and awarded § 34A benefits. In that decision, the administrative judge requested supplemental briefs from the parties on the applicability of G. L. c. 152, § 51A.[2] In a "corrected decision" dated April 24, 1990, the administrative judge found that § 51A applied to the case and ordered the insurer to pay benefits in accordance with that section. The insurer appealed to the reviewing board solely on the issue of the applicability of § 51A; the reviewing board affirmed the corrected decision of the administrative judge. The case is before this court on the insurer's appeal from the decision of the reviewing board.

General Laws c. 152, § 51A, "reflects a legislative intent to avoid obsolescence of compensation rates by requiring benefits to be computed in accordance with the statutory rate in effect at the time of the final decision, when no payments have been made during the period the claim has been contested." *McLeod's Case*, 389 Mass. 431, 435 (1983). The question in this case is whether, as the insurer argues, the fact the insurer paid benefits under § 34 makes § 51A inapplicable, or whether, as the employee argues, it does not matter that the insurer paid § 34 benefits. The controlling factor, according to the employee, is that the insurer paid no benefits under § 34A until ordered to do so by decision of the administrative judge.

The question is answered in *Hanson's Case*, 26 Mass. App. Ct. 988, 989 (1988): "The employee was injured in 1975. Since the self-insurer had made no payments on the employee's claim under § 34A prior to a decision of a panel of this court affirming a judgment for the employee, 18 Mass. App. Ct. 1112 [1984], the employee on remand correctly argued that the benefits had to be recomputed so as to comply with G. L. c. 152, § 51A." Although the opinion does not contain a detailed procedural history, it is implicit that the employee was already receiving § 34 benefits when he filed his § 34A claim.[3] See *Snider's Case*, 334 Mass. 65, 67-68 (1956) (§ 34A benefits permitted after the employee receives maximum benefits allowed under § 34); Locke,

---

[1]It is undisputed that the employee's § 34 benefits were exhausted on March 1, 1988, and that the payment by the insurer of those benefits until December 15, 1988, was inadvertent. This overpayment by the insurer does not affect the outcome of the case.

[2]General Laws c. 152, § 51A, inserted by St. 1969, c. 833, § 1, states in its entirety, "In any claim in which no compensation has been paid prior to the final decision on such claim, said final decision shall take into consideration the compensation provided by statute on the date of the decision, rather than the date of the injury."

[3]This view is in accord with the treatises. See, e.g., Nason & Wall, Massachusetts Workers' Compensation Reform Act § 10.13, at 315-316 (1995 ed. supplementing Locke, Workmen's Compensation [2d ed. 1987]) (§ 51A should be applied "by holding that all benefits . . . payable after the establishment of liability are subsequently paid at the rates in effect at the time of the final decision as contemplated by Section 51A. Thus, the employee would never be exposed to benefits under Section 34A, nor a widow to benefits under Section 31, at lower rates after higher rates had been established pursuant to Section 51A and the payment of threshold indemnity benefits [e.g. § 34 or § 35]. . . . Further, any subsequent claim, for example a claim under Section 34A after exhaustion of benefits under Section 34 could entitle an employee to higher benefits by application of Section 51A provided the employee's average weekly wage on the date of injury would allow an increase").

Workmen's Compensation § 345, at 408 (2d ed. 1981) ("Application for payments under section 34A may be made before the employee has received the maximum amount of compensation provided in sections 34 and 35 for total or partial incapacity, although benefits under section 34A will not be payable until such maximum amount has been paid.")

The insurer's reliance on *Madariaga's Case,* 19 Mass. App. Ct. 477 (1985), is misplaced. In that case, unlike here, the widow was receiving ongoing weekly payments at the time that the final decision was made. *Id.* at 478 n.1. The court also observed that the widow's claim under G. L. c. 152, § 36A, was not subject to the provisions of § 51A because the Legislature does not intend a claimant to receive lower benefits with the application of § 51A than without it. *Id.* at 482-483 ("There would be substantial basis for deciding that the Legislature did not intend that § 51A should have any application where benefits were reduced between injury and final decision.") Contrast *Taylor's Case,* 44 Mass. App. Ct. 495, 500-501 (1998) (there is no discretion to decline to apply G. L. c. 152, § 35B, even if it results in lower benefits).

In the circumstances of this case, and mindful of our obligation to "accord deference to an administrative interpretation of a statute," *Massachusetts Org. of State Engrs. & Scientists* v. *Labor Relations Commn.,* 389 Mass. 920, 924 (1983), we affirm the decision of the reviewing board of the Department of Industrial Accidents.

*So ordered.*

The case was submitted on briefs.

*Joseph W. Murphy* for the employer.

*William H. Troupe* for the employee.