DARRYL CONTE *vs.* P.A.N. CONSTRUCTION CO., INC.,
& another.[1]

No. 99-P-1664.

Suffolk. March 14, 2001. - April 26, 2001.

Present: PERRETTA, LAURENCE, & MASON, JJ.

*Workers' Compensation Act,* Compensation, Incapacity. *Statute,* Construction. *Administrative Law,* Agency's interpretation of statute.

General Laws c. 152, § 51A, which requires workers' compensation benefits to be computed in accordance with the statutory rate in effect at the time of the final decision on a claim when no payments have been made prior to the final decision, was not applicable to a claim in Massachusetts on which the injured worker had been paid compensation for the same injury under the New Jersey workers' compensation statute. [400-402]

APPEAL from a decision of the Industrial Accident Reviewing Board.

*Joseph M. Burke* for the plaintiff.

*Kara Larzelere* for the defendants.

MASON, J. Darryl Conte appeals from a decision of the reviewing board of the Department of Industrial Accidents (board) declining to apply § 51A of the workers' compensation statute, G. L. c. 152, to the allowance of his claim for temporary total incapacity benefits under § 34 of that statute. Section 51A provides that in "any claim in which no compensation has been paid prior to the final decision on such claim, said final decision shall take into consideration the compensation provided by statute on the date of the decision, rather than the date of the injury." Because we find reasonable the board's interpretation that § 51A was not applicable to the circumstances of this case, we affirm.

*The facts.* The essential facts are not in dispute. In 1989 Dar-

---

[1] Aetna Casualty and Surety Company.

ryl Conte, a resident of New Hampshire, entered into a contract with P.A.N. Construction Co. (PAN), a New Jersey employer, to paint a water tower located in New Jersey. While working in New Jersey, in August, 1989, Conte fell from the tower, suffered severe injuries, and became disabled. PAN's worker's compensation insurer, Aetna Casualty and Surety Company (Aetna), promptly accepted liability and began to pay weekly temporary total incapacity benefits in accordance with the provisions of New Jersey's workers' compensation statute, N.J. Stat. Ann. § 34:15-12 (West 2000).

Notwithstanding such payments, in May, 1990, Conte filed a claim with the Department of Industrial Accidents for the temporary total incapacity benefits provided by G. L. c. 152, § 34, which were higher than the benefits provided under the New Jersey statute. Conte contended that he had been working in New Jersey pursuant to a contract for hire that had been entered into in Massachusetts and, hence, Massachusetts had concurrent jurisdiction over the matter. See G. L. c. 152, § 26. Conte's claim initially was denied by an administrative judge, but on August 28, 1995, the reviewing board reversed and ordered Aetna to pay weekly § 34 benefits. The reviewing board allowed Aetna credit for the payments it had previously made pursuant to the New Jersey statute, but did not consider the possible application of G. L. c. 152, § 51A.

Aetna thereafter paid Conte an additional $42,157.43, which it calculated by multiplying the Massachusetts rate in effect at the time of Conte's injury ($444.20) by the maximum number of weeks permitted under § 34, as in effect prior to St. 1991, c. 398, § 59 (260), and then subtracting from the total ($115,492) what had already been paid under the New Jersey statute ($73,334.57). On February 15, 1996, Conte filed an additional claim seeking, among other things, an upward adjustment of the applicable Massachusetts compensation rate (from $444.20 to $585.86 per week) pursuant to § 51A.

An administrative judge rejected this claim and the reviewing board affirmed, reasoning that Aetna's payment of temporary total incapacity payments pursuant to the New Jersey statute from the date of Conte's injury rendered § 51A inapplicable. The board noted particularly that application of § 51A in the

circumstances would "unjustifiably penalize the insurer," even though it had promptly provided for the employee, "albeit under a workers' compensation system that is not quite so beneficent as our own."

*Discussion.* General Laws c. 152, § 51A, inserted by St. 1969, c. 883, § 1, states in its entirety:

> "In any claim in which no compensation has been paid prior to the final decision on such claim, said final decision shall take into consideration the compensation provided by statute on the date of the decision, rather than the date of the injury."

The statute "reflects a legislative intent to avoid obsolescence of compensation rates by requiring benefits to be computed in accordance with the statutory rate in effect at the time of the final decision, when no payments have been made during the period the claim has been contested." *McLeod's Case*, 389 Mass. 431, 435 (1983). The statute may also have been enacted to "encourage insurers to make a prompt determination and payment of undisputed compensation to claimants likely to be facing fiscal problems." *Madariaga's Case*, 19 Mass. App. Ct. 477, 482 n.7 (1985).

Conte acknowledges that payments were made to him during the period his claim for § 34 benefits was being contested, but contends that these payments must be disregarded for purposes of § 51A since they were paid pursuant to the New Jersey rather than the Massachusetts statute. Specifically, Conte contends that the word "compensation" as used in § 51A must refer to compensation paid under the Massachusetts statute, rather than the statute of some other State. He concludes that, because no compensation was paid to him under the Massachusetts statute until the board rendered its decision allowing such claim, he is entitled to the benefit of § 51A.

There is nothing in § 51A which compels such a result. The statute refers unqualifiedly to "compensation" and does not exclude or disqualify compensation paid pursuant to the statute of another State, rather than pursuant to G. L. c. 152. Indeed, as the reviewing board implicitly recognized in allowing Aetna to have credit for its payments under the New Jersey statute,

where, as here, the same injury is involved, compensation paid under the statute of another State is the equivalent of compensation paid under G. L. c. 152. See *McLaughlin's Case*, 274 Mass. 217, 222 (1931) (requiring deduction of New Hampshire worker's compensation benefits from subsequent award under G. L. c. 152 to avoid "double compensation" of employee). Contrast *Gould's Case*, 355 Mass. 66, 72 (1968) (payments under employer's private disability plan not deductible from award under G. L. c. 152); *Gordon's Case*, 26 Mass. App. Ct. 924, 926 n.3 (1988) (employer's payments under private wage continuation and medical plans not "compensation" for purposes of G. L. c. 152, § 51A).

Because, under well-settled principles, compensation paid under the statute of another State is the equivalent of compensation paid under G. L. c. 152, we think it would exalt form over substance to construe § 51A in the manner Conte suggests. See *Walsh* v. *Ogorzalek*, 372 Mass. 271, 274 (1977) ("the purpose and not the letter of a statute controls"). The statute on its face applies only in cases where "no compensation" has been paid prior to the final decision on a claim. That is not the situation here.

Conte's reliance on *Mugford's Case*, 45 Mass. App. Ct. 928 (1998), is misplaced. In that case, unlike here, the claimant presented a claim for permanent total disability benefits under G. L. c. 152, § 34A, while an insurer was paying him temporary total disability benefits under § 34. Since the insurer contested the separate claim under § 34A, and made none of the payments called for by that section while the claim was pending, we held that the board had properly applied § 51A when it ultimately allowed the claim. Here, in contrast, by the time Conte's claim for § 34 benefits was allowed, he had already received substantial payments made under the similar provision of the New Jersey statute. We think the reviewing board could reasonably find that this was enough to render § 51A inapplicable to the § 34 benefits Conte received. See *Madariaga's Case*, 19 Mass. App. Ct. at 482 (§ 51A not applicable to claim by decedent's widow for special death benefits provided by G. L. c. 152, § 36A, where insurer had been paying widow weekly death benefits provided by § 31 of the statute since date of her husband's death).

Mindful of our obligation to accord substantial deference to an agency's interpretation of a statute committed to its charge so long as such interpretation is reasonable, *Hayes* v. *Retirement Bd. of Newton*, 425 Mass. 468, 470 (1997), we affirm the decision of the board.

*So ordered.*