### JACK LONARDELLI'S CASE.

No. 05-P-1557.

Suffolk. May 16, 2006. - November 14, 2006.

Present: GELINAS, ARMSTRONG, & TRAINOR, JJ.

*Workers' Compensation Act,* Total incapacity, Compensation, Cost of living allowance.

The plain language of G. L. c. 152, § 34B, which provides for permanent and total incapacity benefits awarded under G. L. c. 152, § 34A, to be supplemented annually by a cost of living adjustment on a "review date," supported the decision of the reviewing board of the Department of Industrial Accidents that the first "review date" of an employee who became eligible to receive and started receiving such benefits on October 5, 2000, was October 1, 2001, which marked the commencement of his § 34B supplement. [734-737]

APPEAL from a decision of the Industrial Accident Reviewing Board.

*William M. LeDoux* for the employee.

*Salvatore J. Perra* for the employer.

ARMSTRONG, J. Based on an injury the employee received in 1981, the employee in July, 2002, was awarded permanent and total incapacity benefits under G. L. c. 152, § 34A, from October 5, 2000, and continuing. General Laws c. 152, § 34B,[1] provides for benefits under § 34A to be supplemented annually on the "review date" by a cost of living adjustment (COLA) calculation in accordance with a methodology set out in § 34B. The review date is "October first of each year." *Ibid.* The issue in dispute is which year the COLA benefit was to begin: 2000, as contended by the employee and by the dissenting member of the reviewing board; 2001, as determined by the administrative

[1]As amended by St. 1986, c. 662, § 30, and made applicable to this employee's incapacity by St. 1986, c. 662, § 53.

judge and the majority of the reviewing board; or 2002, as contended by the self-insurer, the city of Medford.

The plain language of § 34B supports the result reached by the majority of the reviewing board. Section 34B provides in relevant part:

> "Any person receiving or entitled to receive the benefits under the provisions of . . . [§ 34A] whose benefits are based on a date of personal injury at least twenty-four months prior to the review date shall be paid, without application, a supplement to weekly compensation . . . in accordance with the following provisions: —

> "(*a*) The director of administration shall determine the percentage increase between (i) the average weekly wage in the commonwealth on the date the permanently and totally disabled employee was injured, and (ii) the average weekly wage in the commonwealth on the review date. . . .

> "(*b*) The . . . permanent and total disability benefit under [§ 34A] that was being paid prior to any adjustments under this section shall be the base benefit. The base benefit shall be increased on each review date . . . .

> "(*c*) The supplemental benefits under this section shall be paid by the insurer concurrent with the base benefit. . . ."

The employee's § 34A benefits were based on the average weekly wage he was earning in 1981. He became eligible to receive and started receiving those benefits on October 5, 2000, and the first review date thereafter was October 1, 2001, which marked the commencement of his § 34B supplement.

The self-insurer's argument is based on G. L. c. 152, § 35C, inserted by St. 1985, c. 572, § 45. It provides that "[w]hen there is a difference of five years or more between the date of injury and the initial date on which the injured worker . . . first became eligible for benefits under [§§ 31, 34, 34A, or 35], the applicable benefits shall be those in effect on the first date of eligibility for benefits," and, similarly, that for such a person's "adjustments to compensation under [§ 34B] . . . the first date

of eligibility for benefits rather than the date of injury shall be used for purposes of computing such supplemental benefits." Since the employee was injured more than five years before the date he became eligible for benefits, § 35C is applicable, the self-insurer argues, and has the effect of modifying § 34B to substitute the initial date of eligibility for § 34A benefits for the date of injury. Thus, argues the self-insurer, the employee's benefits under § 34A should be treated as if they were based on an October 5, 2000, date of injury. By this reasoning the supplement should not be payable on October 1, 2001, because the § 34B supplement must be "based on a date of personal injury at least twenty-four months prior to the review date." Twenty-four months had not passed until the October 1, 2002, review date.

The problem with the self-insurer's argument is that, as the administrative judge observed, the record did not show that the employee's benefits were based on those in effect on October 5, 2000, the employee's date of eligibility for § 34A benefits; rather, the case was decided on the basis that the employee's benefits under § 34A were based on his average weekly wages of 1981.[2] Since the § 34A benefits were in fact based on a date of personal injury that was more than twenty-four months prior to the review date in 2001, October 1 of that year was the applicable date for supplementation under § 34B.

The problem with the position of the employee, who argues that the supplement should have started simultaneously with the date of eligibility for § 34A benefits, is that, as § 34B is worded, initial eligibility for supplemental benefits occurs on review dates, which are defined as October 1 of each year. On October 1, 2000, the employee was not "receiving or entitled to receive the benefits under the provisions of [§ 34A]." The § 34B supplement takes the form of a percentage increase in the base benefit under § 34A, and on October 1, 2000, there was no base benefit on which to apply percentage supple-

---

[2]As the administrative judge noted, the reason why § 35C had not been applied is not disclosed, but no party contests that the employee's § 34A benefits were based on his 1981 average weekly wage. See *Hanson's Case*, 26 Mass. App. Ct. 988 (1988).

mentation. Eligibility began October 5, 2000, and the first review date thereafter was October 1, 2001.[3]

The decision of the reviewing board must be affirmed.

*So ordered.*

[3]The dissenting member of the reviewing board relied in part on a regulation, 452 Code Mass. Regs. § 3.03(2) (1999), which in part reads: "The initial increase in benefits under M. G. L. c. 152, § 34B, shall be payable on the first October 1st subsequent to the date marking the 24-month anniversary of the date of injury." The first such review date, the dissenting member felt, was October 1, 1983, so that the employee should be eligible for the COLA whenever thereafter he became eligible for § 34A benefits. We see no inconsistency between the regulation and the construction of § 34B adopted by the majority. The regulation's phrase, "the initial increase in benefits," presupposes the payment of benefits under § 34A, so that the § 34B supplements could only commence on the first October 1 subsequent to both the payment of § 34A benefits and the expiration of twenty-four months from the date of injury. The regulation should be interpreted, if possible, in a way that does not conflict with the underlying statutes.